Parker, C. J.,
delivered the opinion of the Court, after stating the substance of the pleadings.
We think the third and fourth pleas cannot be sus[*601 ] tained, because they deny * the return of the officer upon the writ; which is matter of record, and is conclusive between these parties. The arrest could not be proved but by the return of the officer, nor can it be disproved by parole when it appears by the return to have been made. If this return be not true, the defendants’ remedy is by action against the officer or the sheriff, for a false return. So, also, if a bail bond had been given in common and proper form, it would admit, as a fact, the arrest of the principal; and the sureties would not be allowed to deny that fact against their own admission under their seals. It has often been decided that a legal and sufficient return by an officer upon a precept which he had authority to serve, cannot be controverted, except in a suit against the officer himself, or his superior. Fide 4 Mass. Rep. 478; 9 Mass. Rep. 96; 10 Mass. Rep. 313; 11 Mass. Rep. 163.
We think, also, that the fifth plea, which denies that there is any record of the defendants’ becoming bail, or of any bail-bond, is bad, because the becoming bail is not, in truth, with us, a matter of record. It is altogether a matter in pais, and provable before a jury, as other matters of fact are. The practice has always been to traverse the fact of being bail, and to take issue upon it to the country. The mere fact that bail was taken upon the arrest is matter of record, which the officer making such return cannot deny ; but that the present defendants were bail is matter in pais, to be tried by the country, whether they sealed the bond, &c. If it were matter of record in consequence of the return of the officer, even a forged bond could not be resisted.
The mistake upon this subject arises from supposing bail in this commonwealth to be upon the same footing with bail in England; whereas there is not, in fact, much analogy between them. In England it is matter of record when bail above is put in; for it is done by way of recognizance in court, or before some judge or commissioner, in which case it is returned to court. In [ * 602 ] this state it is * taken by the sheriff out of court, and *487 long before any action is entered. It is more like bail to the sheriff in England; which is also matter in pais, and may be traversed ; the bail-bond being assigned by the sheriff to the creditor, at whose suit the party was arrested.
The legislature, by the statute for regulating bail in civil actions, have given a scire facias against bail (53); but this form of process does not necessarily constitute the contract of bail a matter of record. It is given for convenience, and does not supersede an action of debt upon the bail-bond; which may, perhaps, yet be ■brought, notwithstanding the legislative provision. Without this statute, a scire facias could not be brought upon a bail-bond; and this shows it not to be matter of record. The long and uniform practice of sheriffs and other officers, in relation to bail-bonds, proves that they have not been considered as matters of record; for they are rarely, if ever, returned into the clerk’s office, but are kept by the officer until the termination of the suit against the principal, and are then handed over to the creditor or his attorney, to be put in suit without ever having gone into the clerk’s office, at least until a scire facias is sued out. This practice sometimes subjects the officer and the creditor to a loss, or to a mutilation of the paper. It may be necessary hereafter to require it to be filed with the writ in the clerk’s office for safe keeping. This would not make it a record ; but it would be for the security of all parties that it should be placed there, that it might be found whenever a writ of scire facias should be demanded ; and, in such case, for the security of the officer, the clerk should be required to certify upon the writ, that the bail-bond was filed (54).
With respect to the seventh and eighth pleas, we think they furnish a sufficient bar to the action ; and are not avoided by any thing contained in the replications. When one becomes bail for another, he is responsible only for the demand contained in the suit, upon which the principal has been arrested. Another demand cannot be substituted * or added, without de- [ * 603 ] feating the contract of bail. It is immaterial whether the substituted demand be greater or less than the one contained in the writ. The bail has a right to say in hcec fcedera veni, and no other. Now a reference of all demands is, in truth, abandoning the suit altogether, and giving to each party an unlimited right to claim against the other, without regard to the original right of action. *488 Certainly no man ought to become bail for his friend, if he might be thus exposed.
Nor is it any answer to say that the bail has gained by the agreement to refer, as is alleged in the replication, to these pleas; for this will make this contract of bail, which ought to be definite and certain, to depend upon transactions of the parties, in which the bail has no concern subsequent to his entering into the contract; and put him to the inconvenience of proving facts which may be entirely beyond his reach. When he enters into his contract, he pledges himself, on certain contingencies, to pay what may be recovered in the usual course of law, in the action to which his bond refers: he does not agree to abide the judgment of referees upon all other matters subsisting between the principal and his creditor And this has been hitherto the common understanding with respect to the liability of bail; for a reference in such case has always been of the particular action only, with an agreement that the defendant may file in set-off any claims he may have against the creditor. This puts the bail upon a safe footing, and he cannot complain of the result. But where the creditor has liberty to multiply and increase his demands ad libitum, there is no security; and the bail ought not to be left to the difficult inquiry, and this by parole evidence, whether he was in fact prejudiced or not by the proceedings of the referees (55).
But there is still a point presented by the pleadings, which, what ever had been our opinion upon the others, we all think is fatal to the plaintiff’s action. The instrument by which the de- [ * 604 ] fendants are supposed to have * become bail, has been made a part of the pleadings, having been exhibited on oyer prayed for. And it appears that it was never signed nor sealed by Aiken, who should have been principal; the two defendants being only his sureties, as appears by the tenor of the instrument. Now, we think it essential to a bail-bond that the party arrested should be a principal: it is recited that he is; and the instrument is incomplete and void without his signature. The remedy of the sureties against the principal would wholly fail or be much embarrassed, if such an instrument as this should be held binding. Suppose they wish to arrest the principal in some distant place, or in some other state, what evidence would they carry with them that they were his bail ? There is nothing to estop him from *489 denying the fact, nor any proof that it was true. In a suit against him, they would be unable to prove that he was ever arrested, or had ever given bond, except by the return of the officer; and that would not prove that they became bail, but only that bail was taken. By our statute before cited, the bail are all along considered as sureties; and a principal is recognized in every section.
One case, however, has been cited by the plaintiff’s counsel, from which it would appear that a bail-bond, given to the sheriff in England, might be good, although the debtor was no party to it; and other cases show that a recognizance by sureties is good without any principal. So much of the principles which regulate bail there has grown out of the practice and rules of the courts, that cases respecting it, occurring in those courts, will not always be applicable here, where the subject is regulated by statute. The sheriff is there compellable to take bail, as he is here; but the bond given to him is effectual only to compel an appearance in court; whereas our bail-bond is security for the judgment. The bail, therefore, ought to have complete power over the person of the principal, that they may discharge themselves by surrendering him, before they are fixed; which is not until"judgment against them upon scire facias; * unless the debtor die after [ * 605 ] non est inventus returned upon execution. Now, it is held that where the debtor is not a party to the bond or recognizance of bail, he is not estopped to deny his arrest, or that those who claim the custody of his person were his bail; so that their right to seize him for the purpose of surrendering him would be much impeded.
Further, m the cases cited, it appears, from the tenor of the bond or the recognizance, that it was not intended that the debtor should be a party ; but by the bond, on which the present suit is brought, it appears that the principal was to sign and seal the bond, as well as the sureties; and the condition of the bond is predicated upon that fact. Now, a bond or other instrument, intended to be executed by several, is not good against one alone; and a declaration which should set forth a bond purporting to be made by A as principal, and by B and C as his sureties, would not be supported by producing in evidence a bond made by the sureties only. This bond must be considered as declared upon according to its real tenor; in the same manner as if it had been recited in the declaration in heec verba; and then purporting to be a bond by principal and sureties, and no principal having executed it, it must be taken to be void.
Most of the cases cited to show that the debtor himself need not be bound, are cases of bail above, by recognizance. Indeed, the *490 only one which is not of this sort is merely referred to in the case in Coke, not being reported by itself. [10 Co. 100 b.] After examining the case as there stated, I think it does not appear clearly that the bond to the sheriff was not signed by the debtor, who was, bailed. The question before the court in the principal case was, whether a bail-bond with only one surety would excuse the sheriff. The ease cited was of a bond to the sheriff, in which the defendant only was bound; and the bond was held good to the sheriff Now, it may be that the expression “ that only the defendant was bound,” meant that he was the only surety. [* 606] * But, however that may be, we are satisfied that in this country, and in our courts, a bond purporting to be a bail-bond, and reciting the debtor as the principal, and the others as sureties, is not valid unless it be actually executed by the principal as well as the sureties. We can perceive great danger of fraud, collusion, and surprise, if officers were allowed to take bonds in this way; probably without ever arresting the principal; and the practice has never been such in this commonwealth, as to justify such a procedure. Costs for the defendants

 Stat. 1784, c. 10.

 [See Revised Statutes, ch. 91, sec. 4, 6, by which the bail-bond is required to be returned into Court with the writ, and is made a part of the record, so that a soirs facias may issue thereon, reserving to the parties to it the right to dispute the execution or validity of it.—Ed.]

 [The argument of the Court does not meet the case. The allegation of the replication was that the plaintiff recovered upon the same demands set forth m his declaration, and not other or different demands ; and that even these demands were reduced by the allowance of a set-off by the referees. See Seely vs. Brown, 14 Pick. 177; and the explanation of the case of Hill vs. Hunnewell (1 Pick. 182) there given.—Ed.]