M. Morton,

in support of the demurrer, contended that it was not a good plea for the defendants, to say that some other person did not execute the bond ; and that if the bond had any validity, it was as a probate bond. The bond recites that the administratrix is bound, and the defendants are estopped by their deed from denying it. Jac. Law. Dict. Estoppel; Hosier v. Searle, 2 Bos. & Pul. 299 ; Co. Lit. 352 ; Willoughby v. Brook, Cro. Eliz. 756 ; Strowd v. Willes, ibid. 362 ; Shelley v. Wright, Willes, 9 ; Bac. Abr. Pleas &c., I 11 ; 1 Saund. 216, n. 2; ibid. 326, n. 4 ; Kemp v. Goodal, 1 Salk. 277 ; S. C. 2 Ld. Raym. 1154 Palmer v. Ekins, ibid. 1550 ; Adams v. Barnes, 17 Mass. R. 365 ; 10 Vin. Abr. 468.
Eddy, contra, relied on the case of Bean v. Parker, 17 Mass. R. 591, where it was held that a bail bond not signed by the principal named in it was void.
At May term 1824, at Plymouth, the third and fourth pleas were adjudged good.