## JOSIAH SHEPLEY *vs.* A. B. STORY.

The endorser of a writ is not discharged from his liability as such, by a reference of the action to arbitrators.

THIS was a *scire facias* against *Story*, as endorser of an original writ, in a suit, commenced by one *James Steele*, an inhabitant of the state of New-York, against the said *James Shepley.*

The cause was submitted to the decision of the court, upon the following facts.

*James Steele* commenced an action against *Shepley*, founded on a promissory note, payable to one *Phinehas Dunsmore*, or order, and by him endorsed ; and *Story* endorsed the original writ. *Shepley* gave notice of a set-off in the action, consisting of claims he had against *Dunsmore.* The action was submitted to referees, who reported, that *Shepley* should recover his costs against *Steele*, taxed at $10 19, upon which report judgment was rendered.

And it was agreed, that if the court should be of opinion, that *Story* was liable, judgment should be rendered for the plaintiff ; otherwise, the plaintiff should become nonsuit.

*By the court.*—The question to be decided in this case is, whether the endorser of a writ is discharged from his liability, as such, by a submission of the action to arbitrators ?

It has been decided in Massachusetts, that bail are discharged by a reference of the action and all demands. 17 *Mass. Rep.* 591.

But, it seems that bail are not discharged, by a reference of the action only. *Tidd's Prac.* 993.

Shepley
*vs.*
Story.

There is so close an analogy between the case of bail, and of an endorser, that these authorities seem to us to bear directly upon the question in this case ; and we are of opinion, that the defendant is liable.

*Judgment for the plaintiff.*