## SUPREME JUDICIAL COURT

#### FOR THE COUNTY OF

## CUMBERLAND.

### *MAY TERM,*

### 1826.

---

### VALLANCE *vs.* SAWYER.

A writ of *scire facias* on a recognizance to prosecute an appeal, should be issued originally from the court appealed to.

It is not necessary that the party appealing should personally enter into recognizance for the prosecution of the appeal. If it be done *by* sureties, it is as if done " with sureties," within the meaning of *Stat.* 1822, *ch.* 193, *sec.* 4.

THE plaintiff in this case having obtained judgment in the court below against one *Manchester,* who was absent, the attorney of the latter entered an appeal to this court, and became bound by recognizance himself as principal, with the present defendant *Sawyer* as surety, for the prosecution of the appeal ; which not being done, the plaintiff entered the recognizance of record in this court at the term appealed to, and now brought in this court the present *scire facias* thereon. Upon oyer of the recognizance and demurrer thereupon, the defendant made two objections ;—1st that the recognizance was void, because the party defendant did not himself stipulate as principal ;—2d. that this court had not original jurisdiction of the matter, it belonging to the court where the recognizance was taken.

*Daveis,* in support of the demurrer, argued to the first point, that a recognizance was founded on a pre-existing fact, imposing a duty on the party bound. It is a recognition of an obligation already existing ; and therefore where the principal owes no duty, he cannot be bound by recognizance, though he might by bond. The rule yields only to those cases where the party is legally incapable of being bound. And he likened this to the case of bail, who are not liable unless the principal has executed the bond *Bean v. Parker* 17 *Mass.* 591. So of an administration bond, not executed by the administrator ; *Wood v. Washburn* 2 *Pick.* 26. The language also of the *Stat.* 1822, *ch.* 193, *sec.* 4, is express that the party appealing shall recognize ; though this he may do by attorney. *Adams v. Robinson* 1 *Pick.* 461.

To the second point, he said that the *scire facias* should have issued from the court of Common Pleas, because the recognizance is in the possession, and among the *apud acta,* of that court. It is only a copy that comes up to this court. The settled principle is, that the *scire facias* shall issue from the court having possession of the record on which it is founded. *Bridge v. Ford* 4 *Mass.* 461. *Johnson v. Randall* 7 *Mass.* 269. *State v. Richardson* 2 *Greenl.* 115.

*Longfellow, Fessenden* and *Deblois, e contra.* The defendant having entered voluntarily into the recognizance, the objection that the principal is not bound, is not open to him. It was not permitted to an executor, who gave bail when not obliged by law so to do. 2 *Stra.* 245. 3 *Burr.* 330. *Crosset v. Hunter* 1 *Johns.* 495. Bail are estopped to gainsay their recognizance. 1 *Pick.* 461. One may bind himself that another shall perform an award; *a fortiori* that he shall prosecute an appeal. *Cutter v. Whitmore* 10 *Mass.* 445. And the requisition of the statute that he shall be bound *with* sureties, may mean *by* sureties. *Dixon v. Dixon* 2 *Bos. & Pul.* 444.

To shew that the *scire facias* ought to issue out of the court to which the cause was removed by appeal, they cited *Bridge v. Ford* 7 *Mass.* 209. *Johnson v. Randall* 7 *Mass.* 304. *Commonwealth v. Downing* 9 *Mass.* 520. *Co. Lit.* 290. *King v. Butler* 3 *Lec.* 223. *F. N. B.* 265. *Shuttle v. Wood* 2 *Salk.* 600. *Wright v. Trewecke* 2 *Barnes* 347. 2 *D. & E.* 365.

MELLEN, C. J. delivered the opinion of the court.

Two objections are made to the declaration. The first is, that the *scire facias* should not have issued from this court, but from the court of Common Pleas, where the recognizance was taken. The usage has invariably been to issue it from that court to which the appeal is made, for the prosecution of which the re-cognizance is taken, and to which the same is properly returned; and where the final judgment is rendered, for the total or partial satisfaction of which, recourse is had to the sureties in the recognizance, there is the record of such judgment. The very language of the writ, "as to us appears of record," shews this. In addition to the reason of the thing, the authorities cited by the plaintiff's counsel are decisive of the question.

In the second place it is contended that the recognizance in the present case is void, inasmuch as *Manchester*, the defendant in the original action, did not join in it as one of the recognizors and as principal ; the language of the statute, in virtue of which the appeal was claimed, requiring that the party appealing shall first recognize, with sufficient sureties to prosecute his appeal with effect. And some cases have been cited, and others put by way of illustration to shew the necessity of a recognizance of the party appealing. They are, however, different from this. The case of *Bean v. Parker & al.* 17 *Mass.* 591, was that of a bail bond, which contained the name of the principal in the body of it ; and a seal, opposite to which it was intended to be subscribed ; but he never signed it ; but only the persons becoming bail. The court considered the bail as not bound. Among other reasons they say, "the remedy of the sureties against the bail would "wholly fail, or be much impeded, if such an instrument as this "should be held binding. Suppose they wish to arrest the princi-"pal in some distant place, or in some other State, what evidence "would they carry with them that they were his bail. There is "nothing to estop him from denying the fact ; nor any proof that "it was true. By our statute the bail are all along considered "as sureties ; and a principal is recognized in every section." In another part of the case the Chief Justice observes, by way of

distinction, that " most of the cases cited to shew that the debtor
" himself need not be bound, are cases of bail above, by recogni-
" zance." The present is also a case of recognizance ; and the
distinction is as observable in this case as it was in that. But
authorities are not wanting, which appear to have settled the
question under consideration. The language of our statute cer-
tainly is not more explicit than that of the statute of 3 *Jac.* 1 *cap.*
8, which provides that no execution shall be stayed by any writ
of error or *supersedeas* thereon, " unless such person or persons,
" in whose name or names such writ shall be brought, with two
" sufficient sureties—shall first, before such stay made or *super-*
" *sedeas* awarded, be bound unto the party for whom any such
" judgment is or shall be given, by recognizance to be acknowl-
" edged in the same court," &c. But the construction has been
that the plaintiff in error need not himself enter into the recogni-
zance, but may find sureties who will enter into it. *Goodtitle v.*
*Bennington Barnes* 75. *Lushington v. Doe ib.* 78. *Barnes v. Bul-*
*war Carth.* 121. *Keene v. Deardon* 8 *East* 298. So the court in
*Dixon v. Dixon* 2 *Bos. & Pul.* 443, decided that the words "with
sureties" made use of in that statute might be construed " by
sureties." This construction is in perfect compatibility with
the design of the law. The object in that case, and in the pro-
vision in our statute on the subject, is to furnish security for the
benefit of the other party. The plaintiff in error in one case,
and the appellant in the other, is himself liable without a recog-
nizance. The object was to furnish additional security by the
liability of the sureties ; if sureties recognize, that object is
attained. The reasoning of the court in *Bean v. Parker* does not
apply here. In *Wood v. Washburne* 1 *Pick.* 24, there were sev-
eral pleas ;—one was that the administratrix herself did not sign
the bond ; this was admitted by the demurrer ; the fourth plea
was that the bond was not a probate bond, and that the cause of
action if any accrued within the jurisdiction of the court of Com-
mon Pleas; on these two pleas the judgment was for the defendant.
The defendant's counsel admits that if an appellant is a *feme*
*covert* or an infant, the recognizance cannot be entered into by
the appellant; sureties only can in such case become responsible.

A friend may, as principal, enter into the recognizance with sureties, or the recognizance may be entered into by sureties only; in either case the design of the law is answered. The statute, however, makes no exception of the cases of *femes covert* and infants, nor specially provides for them. Construction may as well extend to other cases as to those two. We must look to the substance and not to the mere form, when examining a contract to ascertain the meaning of the parties. In the case before us the intention is clear, beyond the posibility of doubt; no law forbids our giving to the contract its intended effect; but on the contrary, the authorities are clearly in favor of it. We therefore are all of opinion that the declaration is good and sufficient in law, and there must be judgment for the plaintiff.