Wilde J.
delivered the opinion of the Court. Upon the facts stated in the report of this case, we are of opinion that r . . r the attachment made by the plaintiff was not dissolved by the amendment of the writ, and consequently that he is entitled to judgment.[1]
Whether such an amendment would discharge bail, is a question not now to be decided ; but I apprehend it would be difficult to assign any good reason why it should have such an operation. This is not like the case of Bean v. Parker Sp al. 17 Mass. R. 591, for here was no new demand substituted or proved under the new counts. If there had been, undoubtedly it might have been proved in the defence. Bail is responsible ' for the demand contained in the suit ; and he is not discharged from his responsibility, as it seems to me, by the plaintiff’s declaring against the principal in a different form, provided it is for the same demand.I
This, however, is not a case against bail. The defendants were the mere servants of the plaintiff, or keepers of the property attached, and thus were bound by their contract to deliver it up on demand. If they had performed their contract, they could by no possibility have been exposed to any loss. *427 Nor have they any defence under the subsequent sale by the debtor, for the purchasers took the property subject to the plaintiff’s lien, which was then subsisting in full force against the debtor. The previous amendment could not dissolve it in respect to him ; and the purchasers can stand in no better situation than the debtor did at the time of the purchase. The plaintiff’s attachment was as valid as it would have been if it had been made on a new writ at the time when the amendment was made. This case therefore is clearly distinguishable from all the cases where questions have arisen between attaching creditors, and nothing appears to justify the non-performance of the defendant’s contract.

iMotion to take off the default overruled.

 See Fairfield v. Baldwin, 12 Pick. 388.

 See Seely v. Brown, 14 Pick, 177; Wright v. Brownell, 3 Vermont R 435; Robeson v. Thompson, 4 Halsted, 97; Matthews v. Armstrong, 4 Verger, 181; Pellv. Griggs, 4 Cowen, 426; Bluc Stout, 3 Cowen, 354; Bryan v. Bradley, 1 Taylor, 77; Waples v. Derrickson, 1 Harring. 134; Murrel v. Halbert, 1 Bailey, 238; West v. Rutledge, 4 Devereux, 40; Woodfolk v. Leslie. 2 Nott & M‘Cord, 585.