## EDWARD KNIGHT *versus* CLIFFORD DORR *et al.*

The *St.* 1834, *c.* 189, allowing a plaintiff to amend his writ by striking out the name of one or more of several defendants, is not unconstitutional as applied to actions then pending, because it affects the remedy only.

In an action of assumpsit, brought in 1833, against two defendants, one of them was adjudged not to be liable, and the plaintiff, having obtained leave of court under *St.* 1834, *c.* 189, amended by striking his name out of the writ, and took judgment against the other, who had been arrested on the writ, and given bail. *Held*, that the bail was not discharged by reason of the amendment.

UPON a case stated in the Common Pleas, it appeared, that this was a writ of *scire facias* against the defendant as bail of Alfred Dorr, in a suit brought in July 1833, by Knight against A. Dorr and one Ridgway, as copartners. The declaration in the original writ contained one count only; which was fo money had and received, and under which the plaintiff intended to claim the amount of a check on a bank, signed in the name of Dorr & Ridgway. At the return term, in October 1833, A. Dorr and Ridgway appeared severally by separate attorneys and the case was continued. A statement of facts relative to the origin of the check, was agreed upon between the plaintiff and Ridgway, in order to ascertain the opinion of the court thereon, and it was decided that Ridgway was not liable upon the check; but before judgment had been entered pursuant

thereto, the *St.* 1834, *c.* 189, was passed, and thereupon the plaintiff moved for and obtained leave to amend by striking out the name of Ridgway, upon paying him his costs, and Ridgway's name was struck out accordingly, leaving a count against A. Dorr alone, for money by him had and received to the plaintiff's use. The plaintiff took judgment against A. Dorr upon such count, and filed the check as his evidence in support of it; and judgment was rendered against Knight, for costs, in favor of Ridgway, at the April term 1834. Execution was duly taken out against A. Dorr, and *non inventus* returned thereon.

Upon these facts the Court of Common Pleas were of opinion, that the plaintiff was entitled to judgment against the bail; who thereupon appealed.

*W. Phillips* and *Robbins* contended, that the amendment discharged the bail. *Tuttle* v. *Cooper*, 10 Pick. 281; *Chapman* v. *Eland*, 5 Bos. & Pul. 82; *Moss* v. *Birch*, 5 T. R. 722; *Stables* v. *Ashley*, 1 Bos. & Pul. 49; *Lewin* v. *Smith*, 4 East, 589; Com. Dig. *Bail*, *N*; *Rathbone* v. *Warren*, 10 Johns. R. 587; and cases cited below.

*March 15th.*

*Willis*, for the plaintiff.

Morton J. delivered the opinion of the Court. Did the plaintiff's amendment in striking out the name of one of the original defendants, discharge the bail of the other?

*March 20th.*

An attachment is dissolved and bail discharged by an amendment, whenever it enables a plaintiff to recover, who without it could not; *Hally* v. *Tipping*, 3 Wils. 61; *Denny* v. *Ward*, 3 Pick. 199; *Brigham* v. *Este*, 2 Pick. 420; or to recover more than he otherwise could, by an increase of the *ad damnum*; *Danielson* v. *Andrews*, 1 Pick. 156; *Putnam* v. *Hall*, 3 Pick. 445; *Spalding* v. *Mure*, 6 T. R. 363; or the introduction of a new cause of action; *De La Cour* v. *Reed*, 2 H. Bl. 278; *Vancleef* v. *Therasson*, 3 Pick. 12; *Willis* v. *Crooker*, 1 Pick. 204. So of a reference of all demands. *Bean* v. *Parker*, 17 Mass. R. 591; *Hill* v. *Hunnewell*, 1 Pick. 192; *Fairfield* v. *Baldwin*, 12 Pick. 388. It is the increase of the liability, and not a mere change of the forms, which produces the effect. Neither a reference of the action and all the defendant's claims against the plaintiff, — *Hill* v.

*Hunnewell*, 1 Pick. 192 ; *Bean* v. *Parker*, 17 Mass. R. 603, — nor of all demands between the parties, if no new demand be allowed, — *Seeley* v. *Brown*, 14 Pick. 177, — nor an increase of the *ad damnum*, when the damages are not thereby increased, — *Martin* v. *Moor*, 2 Str. 921, — nor the insertion of new counts, when they are for the same cause of action as the old ones, — *Ball* v. *Claflin*, 5 Pick. 303 ; *Miller* v. *Clark*, 8 Pick. 412 ; *Lord* v. *Clark*, 14 Pick. 223, — nor even for different causes, if nothing be recovered upon them, — *Seeley* v. *Brown*, 14 Pick. 177, — will affect an attachment or the liability of bail.

The defendants' counsel contend, that the amendment introduced a new cause of action and enabled the plaintiff to recover when without it he could not. The introduction of new counts, to discharge bail, must contain not only formally and technically, but substantially, a new cause of action ; a new subject matter, and not a mere variation of the form of declaring for the same thing.

In legal strictness, a promise by two is not a promise by one. But it is manifest that the plaintiff relied upon the same contract and upon the same evidence of the promise, whether he prevailed against one or both.

By the common law, the party who declares upon a joint contract must recover against all the persons declared against as joint promisors, or not at all. *Tuttle* v. *Cooper*, 10 Pick. 281, and cases there cited. The present plaintiff could not have obtained judgment against the one, when it was decided that the other was not liable. And but for the statute of 1834, c. 189, the defendants' objection must have prevailed. But this statute introduced a new principle, and enables a plaintiff who sues a joint contract, to take judgment against a part of the joint contractors, although he fail to establish his claim against the whole. After this statute was passed, the plaintiff obtained leave to amend. Why he did so, it is not easy to conjecture ; for he might have obtained the same judgment without it. As the amendment had no effect upon the plaintiff's recovery, it cannot absolve the defendants from the obligation of their bail bond.

If the statute had been in force when the cause of action

accrued and the bond was entered into, one of the elements of the contract would have been the liability of the original defendant to a separate judgment. The statute in terms applies to pending as well as prospective suits, to past as well as future causes of action. And as it relates to the remedy and not the right, it is not objectionable as impairing vested rights or the obligation of contracts. When the defendants gave their bond, they assumed the responsibility of bail, subject to various amendments of the plaintiff's writ and declaration in matters of form and to such modifications of the mode of proceeding as the legislature might think proper to make.

*Judgment of C. C. P. affirmed.*