## CHARLES M. CAMPBELL *vs.* WILLIAM P. WEBSTER.

The officer's return on a levy of execution upon real estate is conclusive evidence of the competency of the appraisers, against the tenant and all claiming under him by title acquired since the attachment on mesne process.

The officer's return on a levy of execution upon real estate need not show that the appraisers resided within the county or the Commonwealth.

WRIT OF ENTRY to recover land in Dracut. Trial in Middle-sex, before *Merrick*, J., who took a verdict for the tenant, and reported the case to the full court, in whose opinion it is stated.

*B. F. Butler & W. P. Webster*, for the tenant, were first called upon.

*T. Wentworth*, for the demandant.

MERRICK, J. The title to the demanded premises, on which the demandant relies, was acquired by a levy thereon of an execution in his favor against William P. Osgood, on the 25th of October 1854, but which related back to the 3d of August 1853,

at which time the estate was attached on mesne process. The tenant claims the premises under a deed from the same William P. Osgood, executed on the 24th of April 1854. His title is therefore posterior in time to that acquired by the demandant under the levy of his execution, because that transferred all the estate which the judgment debtor had therein on the day of the attachment in the original suit. *Shove* v. *Dow*, 13 Mass. 529. *Brown* v. *Maine Bank*, 11 Mass. 159. When Osgood conveyed it by his deed of the 24th of April, his grantee and all subsequent assignees took it subject to the lien created by the attach-ment. The tenant therefore, a privy in estate with him, is bound and concluded as he would have been concluded by the levy of the execution.

But the tenant seeks to avoid the effect of that levy, and to show that it has no legal validity against him, by proof that Leonard Burbank, one of the appraisers appointed to appraise the estate, was not a disinterested and discreet person within the meaning of the statute. Rev. Sts. *c.* 73, § 3. But the officer in his return upon the execution, sets forth and states that he, together with the other persons appointed as appraisers, were disinterested, discreet men. And the demandant objects, upon the ground that the return of the officer is final and conclusive upon Osgood, and upon all persons and parties privies in estate with him, to the introduction of any evidence concerning the suitableness or qualifications of Burbank as an appraiser, and insists that no proof beyond the return on the execution was or could be admissible on the trial of the present action.

The law upon this subject appears to have been long since firmly established by a series of judicial decisions which have never, as far as we know, been brought into question or consid-ered as of doubtful authority. In the early case of *Bott* v. *Bur-nell*, 9 Mass. 99, it was said by Chief Justice Sewall, in reference to the question whether, upon the levy of an execution, seisin had been delivered to the creditor, that the return of the officer was conclusive; that the execution debtor and all persons claim-ing under him were concluded by it. The same case was subse-quently brought before the court; and upon this particular ques-

tion they said they had reviewed their former decision and still adhered to it; and added, that the sheriff's return is conclusive as to the formal proceedings by the appraisers and himself, and is not to be controlled by other evidence; and that this rule applies in all cases that can arise between the creditor and debtor, and all persons claiming under them respectively, concerning a title gained by an extent upon real estate to satisfy an execution upon a judgment on a personal action. 11 Mass. 165. In the case of *Whitaker* v. *Sumner*, 7 Pick. 551, which was an action in favor of a subsequent attaching creditor against an officer for a false return upon an execution in favor of a prior attaching creditor, it was said by the court, that the return of the defendant upon the execution was conclusive on all questions that could arise between the creditor and debtor, and all persons claiming under either of them; and it was held, that the title to the estate passed to the execution creditor by virtue of the levy, although the return of the levy was false in point of fact, and that the only remedy of the debtor or of any party claiming under him was by an action against the officer for a false return. *Bean* v. *Parker*, 17 Mass. 601. *Lawrence* v. *Pond*, 17 Mass. 433.

These decisions are conclusive upon the question; and the evidence therefore which the tenant proposed to produce for the purpose of showing the relationship by affinity between Burbank and Osgood, the execution debtor, was inadmissible.

It is however further objected by the tenant, that the levy is void and inoperative: first, because a greater amount in value of land according to the appraisement was set off as satisfaction of it than the amount of the execution and all cost thereon; and secondly, that the officer has not returned that the appraisers were residents within the county where the land set off was situate, or within the Commonwealth. Neither of these objections can prevail. As to the last, it is sufficient to say, that the statute does not require that the residence of the appraisers shall be certified by the officer, nor in fact does it make any provision respecting the place of their residence. Rev. Sts. c. 73, § 3. The other objection is founded upon a mistake.

By adding interest to the amount of the judgment, (which is authorized by law,) it is seen that no more land was taken than was necessary for its payment and satisfaction. *St.* 1847, *c.* 153

The conclusion from all these considerations is, that the court are of opinion that this action can be maintained; and that the demandant is entitled to recover possession of the demanded premises; and that the verdict of the jury is to be amended by making it a verdict for the demandant; and the case is to stand for trial upon the question of the demandant's damages, and upon that question only.