Smith v. Applegate.

CALVIN W. SMITH *v.* JOSEPH APPLEGATE.

A creditor is entitled to apply money received by him to either or any of the separate debts due to him from the person making the payment.

The acceptance of a note or bill made by a third person, on a precedent debt, affords no presumption in favor of the debtor, but leaves the onus of proving that it was taken in absolute payment, upon him.

But the acceptance of such a security suspends the creditor's right to sue upon his original claim, until the maturity of such security.

THIS action was brought in the District Court, for the Fourth, Judicial District, upon a promisory note for one hundred dollars. The defendant answered, alleging that the note was an accommodation note, made for the benefit of James L. Cheeseman, and that it had been paid. Upon the trial, it appeared that Charles B. Tappan, had procured from the plaintiff, for James L. Cheeseman, upon this note and Cheeseman's postdated check, two hundred and ten dollars; that the check had been paid, and the note protested. That Tappan had also borrowed from plaintiff for Cheeseman, five hundred dollars, upon

two checks of Cheeseman's, which were not paid. That Tappan, still acting as Cheeseman's agent, had thereupon given a note of the New York Ice Company for five hundred and twenty-eight dollars and seventy-one cents, and eighty dollars in cash, and took . p the two dishonored checks, and that the note of the Ice Company had still some time to run. The evidence was conflicting as to whether this note and the eighty dollars in cash was in payment, or as collateral for all the protested paper, including the note in suit, or only of the debt secured by the two last mentioned cheques.

Judgment was given for the defendant, and the plaintiff appealed to this Court.

*William J. Huff*, for the appellant.

I. There being no evidence that the note was an accommodation note, the law raised the presumption that the same was a *bona fide* note, and the defendant was bound to rebut this presumption.

II. There being no evidence of a payment having been made by the defendants, either in part or in whole, of the note, and the plaintiff being the owner of the note, the plaintiff was entitled to recover the face of the note and interest.

The eighty dollars was paid by Tappan, as agent of James L. Cheeseman, on a loan of five hundred dollars, and plaintiff, in absence of any direction, had a right so to apply the same, and there was no evidence that the eighty dollars was the defendant's money. *Walther* v. *Whitmore*, 1 E. D. Smith, 19.

III. If plaintiff held the same as collateral, and his advances had not been paid, he was entitled to recover the face of the notes, he being for the purposes of the action, the owner and holder of the notes. *Nantucket Pacific Bank* v. *Stebbins*, 6 Duer, 343.

By the Court.—BRADY, J.—The plaintiff loaned to J. L. Cheeseman, the payee of the note in suit, or his agent, five hundred dollars, and such loan was made upon two post-dated checks, which on presentment were dishonored. He also, prior to that transaction, purchased or discounted the note mentioned and a check for one hundred and seventeen dollars and fifty cents,

Smith v. Applegate.

and the note was also protested. When the note and checks were under protest in the hands of the plaintiff, Tappan, who obtained the money from him, paid to the plaintiff eighty dollars in cash, and delivered to him a note of the New York Ice Company, in payment, or as collateral, amounting to five hundred and twenty-eight dollars and seventy-one cents, and which note, at the time of the trial, was not yet due. The plaintiff did not return that note, nor did he offer to return it at the trial, although it was proved, and was not disputed, that the eighty dollars paid, and the note given to the plaintiff, were paid and delivered on account of the protested paper held by him. There can be no doubt of the plaintiff's right to apply the eighty dollars toward the payment of the last loan, and of his right to recover on the note sued upon, assuming such application to have been made by him, unless the acceptance of the note for five hundred and twenty-eight dollars and seventy-one cents, operated as a suspension of his right to prosecute the orginal indebtedness. Such in my judgment was the effect of the receipt of that paper. The acceptance of a note or bill made by a third person on a precedent debt, affords no presumption in favor of the debtor, but leaves upon him the onus of establishing that it was agreed to be taken in absolute payment (*Noel* v. *Murray*, 3 Kernan, 167), but until such security is due, the party receiving it is bound to perform all the duties of holder or indorser, as may be, and his right to sue upon his original claim is suspended. Chitty on Contracts, § 979, and cases cited ; *Putnam* v. *Lewis*, 8 John. Rep, 304; *Copper* v. *Powen*, Anthon, N. P., 49.

The plaintiff had advanced seven hundred and ten dollars, and had been paid one hundred and seventeen dollars and fifty cents, and ê · dollars, making one hundred and ninety-seven dollars a      y cents, which, deducted from the amount loaned, or from the seven hundred and seventeen dollars and fifty cents, left a balance which was covered by the note of the Ice Company. It is true that the note in controversy, was, with the check of one hundred and seventeen dollars and fifty cents, purchased by the plaintiff, as he alleges, and that this would make his claim seven hundred and seventeen dollars and fifty cents as above, and it is also true, that from his statement of the trans-

Smith v. Applegate.

action, it would seem that he received the note of the Ice Company as collateral for the loan of five hundred dollars only ; but Tappan, who negotiated the loan, and made the sale, stated that the note of the Ice Company was handed over with the eighty dollars upon the protested paper, and which protested paper included the note in action. This is not denied by the plaintiff, and having accepted from Tappan a security sufficient to cover the whole indebtedness to him, arising upon the note of the defendant and the loan of five hundred dollars, his right to sue upon the original indebtedness was suspended until that security matured. I am conscious that the testimony does not show clearly that Tappan was acting for Cheeseman in obtaining the loan of five hundred dollars, although the appellant concedes the fact in his points, but it was made upon checks drawn by the latter, to whose order the note of one hundred dollars was also made payable, and Tappan was the acting man, and Cheeseman the debtor in both transactions. If the fact be material, the judgment of the justice decides it in favor of the defendant, but I do not so regard it. If the note of the Ice Company was deposited only to secure the payment of the balance of the loan of five hundred dollars, the plaintiff should have so stated, and his omission to do so justifies the conclusion that the converse was the fact. For these reasons I am opposed to the reversal of the judgment, and think it should be affirmed.

DALY, F. J., concurred.

HILTON, J., dissented.

Judgment affirmed.

MARK SI

It is not nece
ecution und
required by

In an action t
obtain a sta
to inquire a
filing of the

It is sufficien
requiremen
given in a

It is sufficient
prove the
the judgm
issued upo

It is no defa
court was
which may
was made
immaterial

The acts of
are concer
can only b
or rectifie
the retur

APPEA
him in the
The acti
prescribed
upon obta
the case
after an

* Sperling

Sperling v. Levy.

affirmance of the judgment, the execution which was issued in that action, and for the stay of which the bond in suit was given, was returned unsatisfied before the expiration of sixty days. On this evidence, he dismissed the complaint, and judgment was rendered for the defendants. The plaintiff appealed to this court from such judgment.

*S. B. Noble*, for appellant.
*Philip Levy*, for respondent.

By the Court.—Daly, F. J.—The undertaking upon which the action was brought, was in the form prescribed by the 356th section of the Code, the effect of which is to stay execution. It was not necessary that the same instrument should also embrace the undertaking required by section 354 to perfect an appeal. That undertaking may be a distinct and different instrument, with different sureties; and from all that appears in the case, the requisite undertaking under the 354th section may have been given, and the justice would have had no right to conclude that it had not been given. It was sufficient that the undertaking sued upon was in pursuance of a statute requirement, that it was in the form prescribed thereby, and that it was given in a case contemplated by the statute. *Slack* v. *Heath*, 4 E. D. Smith, 95. All this was shown upon the trial. The undertaking recited that the appellant intended to appeal to this court from the judgment rendered against him in the District Court of the Second Judicial District. It was shown by the production of the judgment record that the appellant did appeal to this court; that the undertaking given by the defendant was filed in the court; that the judgment of the Court below was affirmed upon appeal; that execution was issued against the appellant and returned unsatisfied, and the execution of the undertaking by the defendant was admitted by the answer. This was all that was necessary to establish the defendant's liability. *Slack* v. *Heath, supra*. It was no defence that the execution issued upon the judgment in the District Court was returned before the expiration of the sixty days. *Wood* v. *Demikson*, 1 Hilton, 410. The agreement entered into while the appeal was pending was not an agreement to return or discharge the appellant

Levy, but f
installments
Levy to the
after the aff
rate to the
benefit. I
ing the con
nor has any
pear at whe
sixty days.
satisfy it,
whose claim
favor, the s
such a resul
out waiting
who testifie
returned th
he knew th
ney to the
turn the ex
could not r
ance in this
would not h
witness had
request the
had been r
judgment s

Hilton,
ment is err
lished his
entered int
therein ref
issued upo
may have
whether it
or not, were
in an actio
By 2 R.
make due

Sperling v. Levy.

Levy, but for the payment of the amount of the judgment by installments, the first installment of which, $14, was paid by Levy to the plaintiff, and was credited upon the execution issued after the affirmance of the judgment. It did not, therefore, operate to the prejudice of the defendant Trigler, but was for his benefit. I can see no ground to warrant the justice in dismissing the complaint and rendering judgment for the defendant, nor has any been suggested by the respondent. It did not appear at whose request the execution was returned before the sixty days. A levy was made under it of property enough to satisfy it, but the property was claimed by one Collamer, whose claim was tried by the sheriff, and upon a finding in his favor, the sheriff returned the execution unsatisfied. After such a result, the sheriff might well return the execution, without waiting until the expiration of the sixty days. The witness who testified that he did not know at whose request the sheriff returned the execution before the sixty days, also testified that he knew that a notice had been given by the plaintiff's attorney to the sheriff, *between the appeal* and *the affirmance*, to return the execution before the sixty days had expired; but this could not refer to the execution upon the judgment of affirmance in this court, as it had not then been issued. The justice would not have been warranted in finding that it did, when the witness had previously sworn that he did not know at whose request the execution issued upon the judgment of affirmance had been returned before the expiration of the sixty days. The judgment should be reversed.

HILTON, J.—I fully concur with Judge DALY that this judgment is erroneous, and should be reversed. The plaintiff established his right to recover upon proving the undertaking entered into by the defendants, the rendition of the judgment therein referred to, and the sheriff's return of the execution issued upon the judgment unsatisfied. The reasons which may have induced the sheriff to make such a return, or whether it was made upon request of the plaintiff in the action or not, were entirely immaterial, and not the subject of inquiry in an action like this.

By 2 R. S. 440, sec. 77, sheriffs are required to execute and make due return of all process delivered to them, according to

Sperling v. Levy.

the command thereof, and for any violation of this provision they are liable to an action for damages, by the aggrieved party, in addition to such other punishment as the law authorizes; and the general rule is too well settled to admit of any doubt, that their acts in the return of such process, as far as the rights of parties affected thereby or their privileges are concerned, must be taken as true when brought into contest collaterally, and can only be impeached by direct proceedings, such as those which make the officer a party, or rectified upon a summary application to the court to annul or set aside the return. *Harrington* v. *Taylor*, 17 East, 378; *Rex* v. *Elkins;* 4 Burrows, 2129; *Bean* v. *Parker*, 17 Mass. 591; 4 Id. 478; 9 Id. 96; 10 Id. 313; 11 Id. 163; 15 Id. 82; *Boynton* v. *Willard*, 10 Pick. 169; *Andrews* v. *Linton*, 1 Salk., 265; 3 Cowen, Hill and Edwards' Notes to Phill. on Ev. 370; Sewell's Law of Sheriffs, 387; *Putnam* v. *Mann*, 3 Wend. 202; *Allen* v. *Martin*, 20 Id. 301; *Baker* v. *McDuffie*, 33 Wend. 289; *Case* v. *Redfield*, 7 Id. 398; *Van Rensselaer* v. *Chadwick*, 7 Howard P. R. 297; Crocker on Sheriffs, §§ 44, 45; and see also *Boomer* v. *Laine*, 10 Wend. 525, which, like the present case, was an action on a bond executed by one Way and by the defendant Laine, as his surety, on the adjournment of a cause pending before a justice of the peace in favor of the plaintiff against Way, conditioned that Way should render himself in execution, or in default thereof, that he or his surety would pay such judgment as should be rendered in the plaintiff's favor.

Upon the trial the plaintiff proved the execution of the bond, the rendition of a judgment in favor of the plaintiff Boomer, the issuing of an execution upon it, and a return of *non est inventus* thereon. The defendant then offered to prove that at the time of the issuing of the execution against Way the defendant in the execution had sufficient property to satisfy it, but the evidence was objected to, and rejected. The case went to the Common Pleas, by certiorari, and from thence by Writ of Error, to the Supreme Court, where it was held, that the evidence was rightly rejected, as the return of the officer was conclusive upon that point ·

So in the case now before us: the sheriff's return upon the execution was conclusive, and the justice improperly ad-

...ted evidence at the trial having a tendency to impeach or question it. *Haughey v. Wilson*, 1 Hilton, 259.

BRADY, J.—If it appeared in this case that the execution which was issued upon the judgment of affirmance had been returned at the request of the plaintiff without any action on the part of the sheriff, it would be necessary to pass upon the question whether such a proceeding is a sufficient compliance with the statutory pre-requisite of the issuing of an execution. This case, however, shows that a levy was made on the property of the defendant, a claim interposed, and a trial and verdict in favor of the claimant.

I concur, therefore, with Judge DALY that the judgment should be reversed.

Judgment reversed.