## New York Marine Court.

*Trial Term—June, 1875.*

## MARTIN WEHRLIN, ET AL., *against* MARTIN SCHMUTZ.

The rule deducible from the authorities is that taking from the debtor a note of a third person, for a pre-existing debt, is not payment, unless expressly agreed to be taken in payment, or unless such new note be paid.

McADAM, J.—The determination of this action depends upon the effect to be given to the alleged payment of the precedent debt of the defendant in the notes of a third party, afterwards dishonored.

The rule deducible from the authorities seems to be, that taking a note from one of several joint debtors, or taking from the debtor the note of a third person for a pre-existing debt, is not payment, unless it be expressly agreed to be taken as payment, and unless the creditor agrees to assume the risk of the maker's solvency (Tobey *v.* Barbee, 5 *Johns.* 68; Johnson *v.* Weed, 9 *Id.* 310;

Muldoon *v.* Whitlock, 1 *Cow.* 290 ; Van Eps *v.* Dillaye, 6 *Barb.* 244 ; Vail *v.* Foster, 4 *N. Y.* 312 ; Noel *v.* Murray, 13 *Id.* 167 ; Benedict *v.* Field, 16 *Id.* 595 ; Bates *v.* Rosekrans, 37 *Id.* 409 ; Roberts *v.* Fisher, 43 *Id.* 159 ; Smith *v.* Appelgate, 1 *Daly,* 91).

In determining the question of payment by note or bill, the distinction between the payment of a precedent debt and one created at the time the note or bill is given must be observed, for the rule applicable to the one class of cases has no application to the other.   For example, if the note is received on a precedent debt, the presumption is that it was not taken as payment, and the *onus* of establishing that it was agreed to be so taken is upon the debtor (Noel *v.* Murray, 13 *N. Y.* 167 ; Gibson *v.* Tohey, 46 *Id.* 640) ; while, on the other hand, if the note is received at the time the debt is contracted, the presumption is that it was given in payment (Noel *v.* Murray, Gibson *v.* Tohey, *supra*).

The reason for the first presumption is that a person should not easily be presumed to abandon the rights which belong to him, and as a novation implies an abandonment by the creditor of the first claim, to which the second is substituted, it ought to be expressly stated to be effective (1 *Pothier on Obligations,* 385, 386), and the reason for the second seems to be " that taking a note for goods sold is a payment, because it is a part of the original contract ; but paper is no payment where there is a precedent debt, for when such is given in payment, it is always intended to be taken under this condition, to be payment if the money be paid thereon " (Chief Justice HOLT in Ward *v.* Evans, 2 *Lord Raym.* 930).

In the present case, the notes of the third party were given for a precedent debt, under circumstances which, on the authorities cited, do not amount in law to a payment.

Another objection urged by the defendants to the

plaintiff's right of recovery, is that after the two notes in question were given, a balance of $67.85 remained due from the defendants, and the plaintiffs received this amount, and receipted the defendant's account in full.

This circumstance does not establish the plea of payment.

In Muldoon *et al. v.* Whitlock *et al.* (1 *Cow.* 290), the plaintiffs sold stores for a ship to F. & S., the ship's husbands and part owners, on a credit of four months, which stores were charged to the owners of the vessel by name. A few days after the sale the plaintiffs rendered two bills to F. & S., charging them only; and about two months after the sale took the sole note of F. & S., at an extended credit of eight months, giving a receipt for the note, as in full for the stores. This note not being paid, and F. & S. becoming insolvent, it was held that the other owners were not thereby discharged, but were liable in *assumpsit* for the original consideration. That being originally liable, the subsequent delivery of the bills charging the ship's husbands alone did not discharge the other owners. That they were not discharged by taking the note, which, being for a precedent debt, was not a satisfaction until actually paid, unless expressly agreed to be received as payment; and that the receipt of the note in full was not evidence of such an agreement, and a recovery against all the owners upon the original cause of action was sustained (see also 3 *Bosw.* 497 ; 37 *N. Y.* 312 ; 48 *Id.* 204).

In Roberts *v.* Fisher (43 *N. Y.* 129), the defendant being indebted to the plaintiff for goods sold, gave him the promissory note of a third person, which was received by him in full payment and discharge of the debt. The maker of the note was insolvent at the time of the transfer of the note, although this fact was unknown to the parties; and it was held that it was a

case of mutual mistake of fact, and that the plaintiff was entitled to recover from the defendant his original debt.

Judge PECKHAM, in delivering the opinion of the court in the last case, remarked that " upon broad principles of justice it would seem that a man should not be allowed to pay a debt with worthless paper, though both persons supposed it to be good."

Upon the same principle, the court of errors held that " payment in the bills of an insolvent bank is not a satisfaction of a debt, although at the time and place of payment the bills are in full credit, and the parties to the transaction are wholly ignorant of such insolvency, if previous to such payment the bank has in fact become insolvent (Ontario Bank *v.* Lightbody, 13 *Wend.* 101, and see Thomas *v.* Todd, 6 *Hill,* 340). The application of these principles to the facts of the present case effectually dispose of it.

The maker of the two notes given by the defendants to the plaintiffs was insolvent at the time the plaintiffs received them, a fact then unknown to the parties, but publicly announced shortly afterwards. Upon the authorities cited, it is evident that these notes did not operate in law as a payment of the plaintiffs' debt.

The plaintiffs are, therefore, entitled to judgment for the amount claimed, with interest.