UTICA,
August, 1829.

Putnam
v.
Man.

PUTNAM vs. MAN.

A plaintiff who is a *constable* may serve a summons in his own favor, issued by a justice of the peace; and his *return* cannot be impeached in an action of *tresspass* for an arrest under an execution, issued on a judgment rendered on the return of such summons.

If the return be false, the remedy is by action against the constable for a *false return*.

THIS was an action of trespass and false imprisonment, tried at the Saratoga circuit in November, 1827, before the Hon. REUBEN HYDE WALWORTH, then one of the circuit judges.

The false imprisonment complained of was an arrest on 3d August, 1827, on an execution issued by a justice of the peace, in a suit in a favor of the present defendant against the plaintiff, on which he was detained in custody about two hours, when he paid the amount thereof. It appeared in evidence that on the 9th July, 1827, Man being a *constable*, procured from a justice of peace *two* summonses in his own favor against Putnam, both returnable on the 21st July; Man called on Putnam and told him he had *a* summons for him and showed it to him. Putnam said he was clear of that, he had taken the benefit af the act. Man asked to see the discharge, which was handed to him, and after reading it said the summons was of no use, and added something about let ting the suit drop, and handed the summons to the plaintiff. He then went away and returned the other summons to the justice with an endorsement thereon, purporting that it had been personally served by him on the 10th July 1827, charging $1,44 fees, and signing the same *as constable*. On the return of the summons, judgment was rendered by the justice in favor of Man, Putnam not appearing. The execution on which Putnam was arrested was issued by the justice at the particular request of Man. On the trial of the cause the evidence in relation to the issuing and return of the summons was objected to by the plaintiff, and the evidence relative to the service and what took place at the time thereof was objected to by the defendant. The evidence however was received, and the questions of the law reserved for the opinion of this court. The judge charged the jury that under the questions reserved they must consider Man as having the right to serve the summons in his own favor; that if they were satisfied that the summons returned to the justice was actually

served, the defendant was entitled to a verdict; but if the defendant had served only the summons which he left with the plaintiff, and that it was left with him for the purpose of deceiving him, and that the plaintiff had never seen or heard of the summons which was actually returned, it would be their duty to find for the plaintiff, subject to the opinion of this court upon the questions reserved. The jury found a verdict for the plaintiff, with $35 damages.

*J. Ellsworth*, for plaintiff. A constable cannot serve process where he is a party, and charge fees for such service. It is contrary to the principles of the common law that a party should execute process in his own favor, and therefore when a sheriff is a party the process must go to a coroner; and if he too is interested, then to elizors. The statute also, regulating proceedings in justices' courts, contemplates that the service of process shall be by officers, not parties to the process. (Statutes, 6 vol. 279 c. § 10, 15, 19, 24, 26.) Were it allowable to a party plaintiff to serve process, the practice might operate most injuriously to defendants.

The evidence of the false return was proper. The want of jurisdiction of the justice might be shewn. Although the return upon the summons might protect the justice, and any officer acting under his authority, it cannot have that effect as it respects the defendant who made the false return. (19 Johns. R. 39. 1 Peters' U. S. R. 340.)

*Trespass* may be sustained against the party doing the illegal act, though *case* might be the proper form of action against an officer acting innocently. (1 Chitty's P. 184, 5.)

*M. T. Reynolds*, for defendant. The act of the defendant in serving the summons must be regarded as the act of any other officer who might have done the service. The action is for false imprisonment on the *execution*, and in it no inquiry can be made as to the regularity of the service of the *summons*. If the party has a cause of complaint on that ground, he should have distinctly charged the fact in a direct action, and not sought to examine into it collaterally. (10 Johns. R. 138. 14 id. 481. 1 Phil. Ev. 313, n. a. Cow-

en's Tr. 275. 1 Wend. 126, 143.) The defendant as constable had a right to serve the summons. (2 Cowen, 437.) And because he has such right it does not necessarily follow that he can execute all other process in a suit in which he is a party. Allowing he could not charge fees for the service of the summons, that does not affect the judgment and execution for the arrest under which the action is brought.

*By the Court*, SUTHERLAND, J. Two questions arise in this case: 1st. Whether a plaintiff, being a constable, can legally serve a summons in his own favor? 2nd. Whether the return upon the summons can be impeached in this action?

The first question was decided in the case of *Tuttle* v. *Hunt*, (2 Cowen, 436.) It was there held that a plaintiff in a justice's court might serve his own summons, either where he is himself a constable, or is specially deputed for the purpose, in analogy to the case of a *capius*, where no bail is required, which may be served by the sheriff when he is plaintiff, or by any other plaintiff by special deputation. (4 Johns. R. 486, *Bennet* v. *Fuller*.)

I am inclined to think the constable's return upon the summons was not traversable in this action. The return, though false, gave the justice jurisdiction of the person of the defendant; for the act, (Statutes, vol. 6, 280 c. § 8,) provides that the constable serving the summons shall, upon the oath of his office, return thereupon the time and manner of executing the same, and sign his name thereto: and in case the defendant does not appear at the time and place appointed in such summons, and it shall appear by the return endorsed thereon that the summons was personally served, the justice shall then proceed, &c. The return of the constable is the evidence upon which the statute authorizes and requires the justice to proceed. He must therefore obtain jurisdiction of the defendant's person by virtue of the return; and the judgment which may be subsequently rendered will protect the magistrate, the party, and the officer who may be instrumental in enforcing it. The constable's return is con-

clusive against the defendant in the cause in which it is made. *UTICA,*
He cannot traverse the truth of it by a plea in abatement or *August 1829.*
otherwise; but if it be false, the defendant's remedy is in an Loomis
action against the constable for a false return. (*Wheeler* v. v.
*Lampman,* 14 Johns. R. 481. Parmington on Small Causes, Swick.
21, 2, 3. Cowen's Tr. 274, 5. *Wilson* v. *Executors of Hunt,* 1 Peters, 441.)

The want of jurisdiction in a court rendering a judgment, may be shown collaterally whenever any benefit or protection is sought under the judgment. It renders the judgment *coram non judice* and void; and in case of a limited and special jurisdiction, the magistrate and all others concerned in enforcing the judgment would be trespassers. (*Bigelow* v. *Stearns,* 19 Johns. R. 39. 15 Johns. R. 121. *Elliott* v. *Pearsall and & others,* 1 Peter's U. S. Rep. 340.) But where the court has jurisdiction, and the proceedings are regular on the face of them, trespass will not lie. (1 Chitty's Pl. 184. *Warner* v. *Shed,* 10 Johns. R. 138. 1 Wendell, 126.) That the individual who made the false return was the plaintiff in the suit, cannot, that I perceive, alter the case. The party injured has a perfect remedy by an action for the false return; or, if the defendant acted wilfully and corruptly, he might probably be punished criminally, on an indictment for a misdemeanor. (Parmington, 21, 2. Cowen's Tr. 274.)

The defendant must have judgment