## FITCH *vs.* DEVLIN.

15b 47
25ap296

Where a summons, issued by a justice of the peace, was during the absence of the defendant from home, served upon his son, and the justice, without any appearance by the defendant, rendered a judgment against him, the constable having returned the summons personally served; *Held*, that the judgment might be reversed on appeal, the error of fact appearing by affidavit.

The correctness of the decision in *Putnam* v. *Man*, (3 *Wend.* 202,) doubted by PARKER, J.

The remedy by appeal is applicable as well to cases of jurisdictional defects as to those of mere irregularity.

THE plaintiff sued the defendant in the justices' court of the city of Troy. The summons was returned by the constable personally served, and on the return day the plaintiff appeared, put in his complaint, and introduced evidence on which the justice gave judgment against the defendant for $8,18 damages and $1,21 costs. The defendant did not appear before the justice. The defendant appealed to the Rensselaer county court, and after alleging certain errors in law, he also alleged as error in fact, that the summons was not served on him. It was shown, by affidavits before the county court, that previous to the issuing of the summons the defendant left his residence in the city of Troy, and went to the city of New-York, where he remained until after the summons was returned; and that during his absence the summons was served on the son of the defendant. The county court affirmed the judgment of the justice, and the defendant appealed to this court.

*J. H. Reynolds*, for the plaintiff.

*R. A. Parmenter*, for the defendant.

*By the Court*, PARKER, J. The summons issued by the justice was never served on the defendant. It was served on his son, during the absence of the defendant from home. The constable, however, made a return of personal service on the defendant, on which the justice proceeded *ex parte*, and rendered

Fitch *v.* Devlin.

judgment. Though the facts alleged were clearly established by the affidavits, and are not controverted by the plaintiff, it is contended that they afford no ground for relief on appeal, and that the only remedy of the defendant is by an action against the constable, for a false return. Such was the view taken of this case by the county court.

The case principally relied on by the plaintiff, is that of *Putnam* v. *Man*, (3 *Wend.* 202.) It was there held that in an action of trespass, for an arrest under an execution, it was not competent for the plaintiff to contradict the return by showing that the summons had never been in fact served upon him, but that if the return of personal service was false, the remedy was by action against the constable, for a false return. In that case the party sued was a constable, and as such had falsely returned that he had personally served the summons in the action in which he was plaintiff. That decision was made, as appears from the opinion, with considerable hesitation. I have never been satisfied of its soundness, and have had occasion recently to express my doubts with regard to it. Though a return of personal service makes out, *prima facie*, a case of jurisdiction over the person of the defendant, yet, if the summons were not in fact served, no jurisdiction could have been, in fact, acquired. I do not see upon what principle jurisdiction can be obtained over a person who has had no notice, either actual or constructive, of the proceeding. He can be no more bound by a false return than by a forged return. It would be an intolerable hardship to confine a defendant to a remedy for a false return, against an irresponsible constable, and not to allow him to hold the judgment void. In such case the justice also acted upon papers apparently sufficient, and should be protected. The same protection should be extended to him that was given to a constable in *Savacool* v. *Boughton*, (5 *Wend.* 170.) It was said by Bronson, J. in *Bruen* v. *Bokee*, (4 *Denio*, 58,) "A man should *never* be concluded, or put to any damage, by a judicial proceeding, when he has had no opportunity to be heard." That principle should never be violated.

But it is not necessary, in this case, to controvert the correct-

ness of the decision in *Putnam* v. *Man*. The question here is not whether the judgment may, in another suit for such omission, be held void, but whether it may be reversed for such error, on appeal.

In *Allen* v. *Martin*, (10 *Wend.* 300,) the plaintiff offered, on the trial, to impeach a judgment, by proving that the summons was served by Martin, and that he intentionally misread it and informed the plaintiff it was returnable on the *eleventh*, when in fact it was returnable on the *tenth* day of August, and thus obtained the judgment by the practice of a fraud. The court held that such evidence was properly excluded; and Nelson, J. said, "The case of *Putnam* v. *Man*, (3 *Wend.* 202,) disposes of the question. There can be no doubt the judgment before the justice cannot be impeached in this collateral way, and that so far as its validity is concerned, the return of the service of the summons is conclusive, except on a direct proceeding to reverse the judgment for the irregularity. The party injured has an ample remedy either by action for a false return, or by writ of error. The case of *Putnam* v. *Man*, relied on by the plaintiff, is not at all applicable to a direct proceeding to reverse the judgment, for the irregularity," which is the remedy sought by the defendant in this case.

The right to reverse a justice's judgment for an error of fact, not appearing on the record, has always been secured to the party, in some form. In *Harvey* v. *Rickett*, (15 *John.* 87,) which was a certiorari to a justice's court, the plaintiff in error assigned for error the misconduct of the jury in ascertaining the amount of damages, which was done by each of the jurors marking down a particular sum, and then dividing the whole amount by six; and for that error the judgment was reversed. And in *Rose* v. *Smith*, (4 *Cowen*, 17,) the justice's judgment was reversed on the fact assigned for error that spirituous liquor had been circulated among the jury, by the defendant, and was drank by them while they were sitting together on the trial.

It was supposed the revised statutes, by authorizing a certiorari to a justice's court to be brought on to argument without any assignment or joinder in error, (2 *R. S.* 275, § 180,) had

Fitch *v.* Devlin.

abolished assignments of errors of fact as well as of law; but it was held otherwise in *Williams* v. *The Albany Mayor's Court*, (12 *Wend.* 267.) It that case it was held that the party bringing the certiorari might properly assign for error in fact the misconduct of the jury in making up their verdict. Nelson, J. said, "It would be intolerable if misconduct of the jury, or improper practices of the parties, not coming under the observation of the court below, could not be corrected; and they could not, but by the use of an assignment of error in fact." The necessity for such relief is recognized and a remedy provided by section 366 of the code, as follows: "If the appeal is founded on an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice, the court may determine the alleged error in fact on affidavits, and may, in its discretion, inquire into and determine the same upon examination of witnesses." This is the substitute provided for all cases in which the error does not appear on the record, and in regard to which the remedy was formerly by an assignment of error of fact.

This remedy on appeal is applicable as well to cases of jurisdictional defects as to those of mere irregularity. Although a party is at liberty to treat a judgment or proceeding as void for want of jurisdiction, he may also seek a reversal of the proceedings by certiorari or appeal. (*Starr* v. *Rochester*, 6 *Wend.* 564.)

The error in fact being in this case clearly established, the judgment of the county court and of the justice are both erroneous, and must be reversed.

[ALBANY GENERAL TERM, February 7, 1853. *Watson, Parker* and *Harris*, Justices.]