## THE NEW-YORK AND ERIE RAILROAD COMPANY *vs.* PURDY & ADAMS.

Where a railroad corporation was sued before a justice of the peace, and the constable returned, upon the summons, "personally served and by copy on E. L. W., a managing agent of the defendants;" it was *held*, that this was sufficient to give the justice jurisdiction of the person; and that he was not bound to require further evidence of the official position, or character of the agent on whom the process was served.

Personal service upon the managing agent of a corporation, is personal service upon the corporation; and if the constable's return shows such a service, the jurisdiction of the justice is established, and his judgment will be regular upon its face.

The fact stated in the constable's return cannot be contradicted, and shown to be false, collaterally, in another action, for the purpose of defeating the judgment and rendering parties enforcing it trespassers.

The remedy of a defendant who is injured by the false return of a constable upon the summons, is to appeal, and allege errors of fact, or to prosecute the constable.

MOTION by the plaintiffs for a new trial, upon exceptions taken at the circuit. The action was brought to recover damages for the conversion by the defendants of a quantity of wood belonging to the plaintiffs and sold by the direction of the defendants upon an execution issued on a judgment obtained in a justice's court, in favor of the defendants and against the plaintiffs. The defendants justified under such execution, and on the trial offered the docket of the justice's judgment in evidence, from which it appeared that there was no appearance by the defendants in that action, and that the only way in which the magistrate obtained jurisdiction of the corporation was by the return of the constable who served the summons, which was as follows: "Personally served and by copy, on E. L. Wentz, a managing agent of defendants." The counsel for the plaintiffs objected to the introduction of the docket as evidence, on the ground that it did not appear from such docket that the justice obtained any jurisdiction of the defendants in that action, or that there was any competent proof before him of the proper service of the summons. The counsel further objected that the statement made by the

constable, in his return, that E. L. Wentz was a managing agent of the defendants, was an extra-official act, and furnished no evidence of that fact ; and he insisted that the judgment rendered by the justice was therefore void, and furnished no justification to the plaintiffs therein for any acts done under the same. The justice decided that the return of the constable was a good and valid return, and that the statement therein, that Wentz was a managing agent of the defendants, was competent evidence of the fact, and that the justice had jurisdiction, and the judgment was valid. He therefore received the docket in evidence. The counsel for the plaintiff then offered to show that on the trial of the former action, before the justice, the plaintiffs therein proved that Wentz was not, at the time the summons was so served upon him, a managing agent of the railroad company. This evidence was objected to, and excluded ; the judge deciding that the return of the constable was conclusive, and could not be disputed in this action. The plaintiffs then offered to prove that Wentz, at the time the summons was served on him, was not in fact a managing agent of the railroad company. This evidence was also objected to, and excluded. The judge instructed the jury to find a verdict in favor of the defendants, and they found accordingly.

*F. R. E. Cornell,* for the plaintiffs.

*F. C. Dininny,* for the defendants.

*By the Court,* Johnson, J. The first question presented by the case is, whether the return of the constable gave the justice jurisdiction of the person of the defendants, in the suit before him. The return was " personally served and by copy on E. L. Wentz, a managing agent of the defendants." The defendants there were the present plaintiffs. It is conceded that a managing agent is a person upon whom process may be properly served, and that service in fact upon him would be as effectual as upon the president, or any other officer. It is insisted, however, that the statement in the return, of the official position or character

of the person upon whom process is actually served, where a corporation is proceeded against, is not sufficient, but that the justice, before he proceeds in the action, or if he has entered upon it, should require some further evidence. But where a corporation is sued in a justice's court, there is no other way of determining the question of jurisdiction over the party, except by the constable's return. The magistrate is to judge from that, and that alone, whether the process has been served in a manner to give him jurisdiction to proceed. His docket must show jurisdiction upon the face of the proceeding, or it would be presumed that he was acting without it, and it would be a singular proceeding in a magistrate, after taking up a cause for trial, to require proof outside of the process, and the return upon it, to establish his jurisdiction. It is not a traversable fact before him. The papers before him either show it, or they do not. If they do not, he cannot proceed, whatever parol proof may be offered. The object of the statute in requiring the constable to state in his return to a summons, " the time and manner in which he executed the same," was to enable the justice to determine not only whether it had been served within the proper time, and in the form prescribed, but whether it had been served upon the defendant or other proper person also. Upon the return by the constable, showing personal service upon the proper person, the justice acquires jurisdiction of the defendant. This has been often ruled, and is nowhere questioned, that I am aware of. If his jurisdiction then vests, he has acquired it in fact for all the purposes of enabling him to render a valid judgment, one which would not only protect him but all other persons acting in good faith under it, from being proceeded against as trespassers. It may be that such a judgment will be reversed upon appeal or certiorari for errors in the proceeding to obtain it. But that in nowise affects the jurisdiction of the magistrate, where the proper process has been regularly issued and is returned personally served by the proper constable. His authority to proceed to trial and judgment is established by that. Personal service upon a managing agent in this case was personal service upon the de-

The New-York and Erie Railroad Co. *v.* Purdy.

fendant, and as the return shows this, the jurisdiction of the justice was established, and his judgment is regular upon its face.

The next question is whether the fact stated in the return can be contradicted and shown to be false, collaterally, in another action, for the purpose of defeating the judgment. It is settled upon authority that it cannot. (*Putnam* v. *Man*, 3 *Wend.* 202. *Bromley* v. *Smith*, 2 *Hill*, 517.) The offer was to prove that Wentz was not a managing agent of the defendants in the action, and thus to show that there had been no personal service. I am aware that the decision in the case of *Putnam* v. *Man* has been recently questioned by Justice Parker in *Fitch* v. *Devlin*, (15 *Barb.* 47,) but it seems to me without sufficient consideration. Because the proof offered, to show the return to be false, even if made, does not go a single step towards overthrowing the jurisdiction of the justice. It is the statute which gives him jurisdiction to proceed and render judgment, upon a certain fact being certified to him, in a prescribed form, officially. His jurisdiction does not, and never can be made to depend upon the fact of the return being true; a fact of which he can, in the very nature of things, have no knowledge whatever. The return not only makes out a *prima facie* case of jurisdiction as suggested by Mr. Justice Parker, but a conclusive one; and so far as that question is concerned, it is perfectly immaterial whether the return is true or false.

The power attaches upon the official return being made, and no subsequent discovery of the mistake, or fraud, of the officer making it, takes it away, or affects it in the least. It is too well settled that nothing but facts affecting the jurisdiction of the magistrate, to try the cause and render the judgment, are competent to be proved collaterally to avoid the judgment, to require argument or authority to support the proposition.

It may operate harshly upon a defendant, to be deprived of the right of disputing and resisting a judgment obtained under such circumstances whenever and wherever it is interposed against him, and to turn him over to other remedies for redress. But cases of this kind must always be rare, and it is far better

that a party should encounter occasional inconvenience and hardship, than that the jurisdiction of the judicial officer should rest on so slippery and unstable a foundation, as that in which a contrary ruling would place it. The defendants were by no means remediless. They might have appealed and alleged errors of fact, as in the case of *Fitch* v. *Devlin,* (*supra,*) or they might have prosecuted the constable for a false return. A new trial should, I think, be denied.

[MONROE GENERAL TERM, September 4, 1854. *Johnson, Welles* and *T. R. Strong,* Justices.]