Haughey v. Wilson.

---

## JAMES HAUGHEY *v.* MATHEW A. WILSON.

An original summons in a district court, made returnable at 9 o'clock, A. M., and having been returned by a constable personally served, a judgment entered thereon by default is regular, and cannot be impeached upon appeal to this court by affidavits showing the copy summons, served upon the defendant, to have been made returnable at 10, A. M.

If the constable did not serve a copy of the summons upon him, he must seek his remedy by an action against the constable for a false return. The return cannot be impeached or brought in question on an appeal from the judgment.

The mere entry by the justice on the summons, of an adjournment of the cause, upon

the defendant's default, does not render it irregular for him to proceed to try the cause, and render judgment prior to the adjourned day, the defendant not having appeared in the mean time.

This court will not, upon appeal, set aside a regular judgment entered on default in a district court, although the defendant excuses his default, and swears to a defence, if the ground of appeal, as specified in the notice, is simply for error in the judgment, not for relief upon the merits.

APPEAL by defendant from a judgment of the Sixth District Court, entered on default. The original summons in this action was made returnable at 9, A. M. It was returned personally served by a constable. Upon the return, the defendant did not appear, and the plaintiff asked for an adjournment, which was granted, and marked upon the summons accordingly. Shortly after, the plaintiff's witnesses entered, and at the request of the plaintiff the justice tried the cause, and rendered judgment in his favor. From this judgment the defendant appealed, upon the ground of its irregularity, and with the return submitted an affidavit showing that, in the copy summons served upon him, the hour of the return was 10 instead of 9, A. M. The papers also showed that he appeared at the court room at 10, A. M., but that judgment had been rendered against him.

*William R. Stafford*, for the appellant.

*R. M. Harrington*, for the respondent.

DALY, J.—The summons was returnable at 9 o'clock, and the return of the constable, that he served a copy of the summons upon the defendant, was conclusive. It gave the justice jurisdiction to proceed with the cause at that hour, and it cannot be impeached or brought in question on an appeal from the judgment. If the constable did not serve a copy of the summons, the defendant must seek his remedy against the constable by an action for a false return. 8 How. 353 ; 3 Wend. 202 ; 10 id. 300 ; id. 525 ; 7 id. 398 ; Cowen & Hill's notes, 1087.

The defendant not having appeared, the justice, at the plain

tiff's request, made an entry upon the back of the summons adjourning the cause until the 27th, but the plaintiff's witnesses having subsequently appeared, the entry of the adjournment was disregarded, and the justice, before 10 o'clock, proceeded with the cause, and rendered judgment. The mere entry of an adjournment upon the back of the summons, which was disregarded immediately after, and the cause proceeded with, amounts to nothing. It is sufficient to support the judgment, that it is disclosed by the return that the justice proceeded with the cause within an hour after the time named in the summons upon the return day. He proceeded to hear and determine the cause within a reasonable time, which was all that was essential to render his subsequent proceedings regular.

The testimony, it is true, was very general, but it was sufficient to warrant the judgment.

If the appeal had been taken upon the merits, we might have relieved the defendant, as he excuses his default, and swears that he had a defence to the action, but that is not made one of the grounds of the appeal. The ground of appeal is for error in the judgment, and not for relief upon the merits.

Judgment affirmed.