## BARKER *v.* REMICK.

Where the sheriff is the nominal or real party to a suit, writs and other process must be directed to and served by the coroner—but the sheriff is not disqualified by the mere fact that he is interested, or is of kin to one of the parties.

A plea in abatement speaks ordinarily of the time when it is pleaded, and not of the commencement of the suit, and therefore an allegation that the sheriff is a party, not being the party of record, does not imply that he was such when the suit was brought, and the plea is bad.

IN this case the defendant filed a plea in abatement, as follows :

And the said Remick comes and defends, &c., when, &c., and prays judgment of the writ aforesaid, and that the same may be abated because, he says, that on the fourteenth day of October, 1857, he, the said Remick, was sheriff of the county of Carroll ; that he continued so to be the sheriff of said county from that time until a long time after the defaults, wrongs, and grievances, set forth in the plaintiff's said writ, are supposed and alleged to have happened : to wit, until the fourth day of January, 1861 ; that the said Charles H. Parker, the deputy sheriff named and described in the plaintiff's said writ, whose alleged defaults are set forth in the plaintiff's said writ as the plaintiff's cause of action against the said Remick, was, at the time of the suing out of the said plaintiff's said writ, and at the time of the service thereof, and ever since has been and now is the sheriff of the county of Carroll ; that the plaintiff's said writ is directed to him, the said Parker, as the sheriff of the county of Carroll or to his deputy, for service ; that the plaintiff's said writ was served upon said defendant by one Benjamin E. Thurston, and the said Benjamin E. Thurston, at the time he made said service, was a deputy of the said Parker for the

county of Carroll, duly appointed and qualified as such by the said Parker; that the said Benjamin E. Thurston made the said service of the said plaintiff's said writ upon the said Remick by virtue of his said appointment as a deputy sheriff for the county of Carroll, and that the said Parker, the said sheriff of the county of Carroll, is a party in interest to this plaintiff's said suit against this said defendant, and is held and bound to pay any and all damages which the said plaintiff may recover against the said Remick by virtue of this said suit, and this he is ready to verify; wherefore he prays judgment of the said writ, that the same may be abated, and for his costs.

To the foregoing plea the plaintiff filed a general demurrer, and thereupon the court sustained the demurrer and rendered judgment that the defendant answer further; to which ruling of the court the defendant excepted.

BELLOWS, J. The writ is against Enoch Remick, the former sheriff of Carroll county, for the default of one of his deputies, Charles H. Parker, who is the present sheriff of the county, and whose deputy, Thurston, made the service upon the defendant. The objection to the service pointed out in the plea in abatement, is the interest of the sheriff under whom the deputy, Thurston, holds his appointment. The general provision of our statute is, that all writs and processes shall be directed to the sheriff of any county in the State or his deputy, shall have force in any county, and be obeyed and executed by any officer to whom they may be directed. Rev. Stat., ch. 182, sec. 2. This general authority is limited by the provision which empowers the coroner to " serve and execute writs and processes directed to him, when the sheriff is a party, and in all cases where the sheriff is a party interested, or related to either party, he shall return talesmen and attend the jury." Rev. Stat., ch. 179, sec. 3. The question, then, must turn upon the construction of this provision, which is the only limitation upon the sheriff's authority, which the legislature has thought proper to make. So far as respects the service of process, the power of the sheriff is taken away, only when he is a party, the reference to interest and relationship applying only to the return of talesmen, and attendance upon the jury. This is manifest from the terms of the law of July 3, 1829 (Ed. 1830, 541), which is as follows: " That it shall be the duty of the coroner, and he is hereby empowered to serve and execute all writs and processes directed unto him when the sheriff is a party, and the coroner shall return talesmen, when the sheriff is a party interested, or related to either party, and in all such causes the coroner shall attend the jury. And the law of June, 1791 (Ed. 1815, 160), is the same, and there is no reason to suppose that in the provision any substantial change was contemplated.

What, then, is the true construction of the provision which empowers the coroner to serve writs when the sheriff is a party? Upon a careful consideration of the entire provision itself, in connection with the law as before existing, we see no reason for

departing from the natural and obvious meaning of the terms used, and our opinion is, therefore, that no interest short of that which makes the sheriff a party to the suit, will disqualify him. In respect to the returning of talesmen, a different provision is made in the same section to insure impartiality in performing that duty; the coroner is required to do it, when the sheriff is a party interested or related to either party; and this is a strong argument against the existence of an intention to disqualify the sheriff in respect to the service of writs, for the cause of interest or relationship, when he is not actually a party. Had such been the purpose of the legislature, no reason can be perceived for not expressing it distinctly, especially as it is so done in the other provision in regard to talesmen. Nor is there any thing in the condition of the common law upon this subject, prior to our own legislation, that would suggest a different construction. On the contrary, while in respect to the return of process there has long been in England a limitation in the power of the sheriff, substantially like our own, as appears from 2 Tidd's Pr. 672, 720; 4 Bac. Abr. 450, Sheriff, M; yet, until about the year 1764, it was regarded there as an open question, whether the sheriff might or might not serve his own writ. This is shown by the cases of *Dane* v. *Smither,* Coke Charles 415, and *Weston* v. *Canthon,* 1 Black. 506, in the last of which, in 1764, it was determined he could not. And this view accords also with our own early Provincial legislation; for in 1699 it was provided that when the sheriff shall be a party or related to either of the parties, the jury shall be impanneled and returned by the coroner, who is also thereby empowered to serve writs in cases where the sheriff is concerned. In the place of this, another law was made in 1718, by which the coroner was empowered to serve and execute writs and processes directed to him against the sheriff, and to return jurors, &c., much in the language of the law of 1791; leaving by very clear implication, writs in the sheriff's favor to be served by himself. In fact, the duties of the sheriff in the execution of process, were regarded as purely ministerial, and as very safely entrusted to an officer of such dignity and honor as the sheriff; and to this, may, perhaps, be attributed the fact, that the same qualifications as to impartiality, were not required as in returning jurors or talesmen, which partook less of a ministerial character.

In New-York, in view of the earlier English cases, and of their own usage, it has been repeatedly decided that a sheriff may serve his own writ. *Bennett* v. *Fuller,* 4 Johns. 487; *Tuttle* v. *Hunt,* 3 Cow. 436; *Putnam* v. *Mann,* 3 Wend. 202.

The provisions of our statute now under consideration, are substantially like those of Massachusetts and Maine, and those have in both States, after careful consideration, received the construction which we have adopted. *Adams* v. *Wiscassett Bank,* 3 Greenl. 360; *Merchants Bank* v. *Cook,* 4 Pick. 405. In both of these cases, the sheriff or his deputy was a stockholder in the bank which was a party to the suit, and, therefore, he was clearly interested; but, as he was not a party, the service was held good; at the same time, it was held that a member of a municipal corporation would stand on

different ground, and would in fact be a party, inasmuch as such corporations are supposed to possess no corporate fund; and execution may be done upon the property of a member. And so is *Brown* v. *New-Gloucester*, 14 Mass. 216. In accordance with this latter case is the *State* v. *Walpole*, 15 N. H. 26, where it is held that the sheriff of a county can not make legal service of a process, either in favor of or against the town of which he is an inhabitant; and although there are some remarks in the opinion of the court in that case, that might countenance a broader meaning to the term party, than we are disposed to give it, yet, we think, there was no purpose to express any opinion beyond what was required to settle the question then before them.

In the case of *Wood* v. *Carpenter*, 9 N. H. 153, the point settled does not conflict at all with the views we have reached; and we think, that in the remark at the close of the opinion touching the power of a coroner, where the sheriff was a party, or interested, or related to either party, the distinction between the service of writs and the returning of talesmen should be kept in mind.

In deciding that to disqualify a sheriff in the service of writs, he must be a party to the suit, we do not mean that he must necessarily be a party to the record. It is enough, we think, that he is the real party, the one for whom the suit is brought; as for example, the real owner of a negotiable promissory note, which is sued in the name of an indorsee, who is merely a nominal plaintiff. So when he is the real defendant, or one of them, or when he is an inhabitant of the town which is the defendant upon the record. In such cases he is clearly within the spirit of the limitation, and we can see no such practical inconvenience in extending it to such cases as should interfere with that construction. On the contrary, to hold that the disqualification should apply to all cases where the sheriff or his deputy was interested for or related to either party, would be practically so inconvenient as to afford a strong argument against such a construction. In determining whether the writ should be directed to the sheriff or the coroner, the plaintiff would be obliged to ascertain not only who were the parties, but who were interested, and whether the sheriff or his deputy was of kin to such party or persons interested; and in many cases, especially in those of private corporations, where the stock is constantly shifting, the inquiry would be attended with great difficulty, even, as we may well claim, to the denial of justice. In the service of process, ordinarily the duties of the sheriff are purely ministerial, and for any abuse of his power, or neglect of his duty, the watchfulness of the law has provided ample and stringent remedies. When a discretion is given to him, as in the case of the return of talesmen, it is essential that he should be impartial, and such is the provision in that case. Whether a similar provision should not be made in some other cases, such as the extent of executions upon real estate involving the choice of appraisers by the officer, may deserve the consideration of the legislature; but as the law now is, a fair construction can not, as we think, extend it so far.

But it is urged, that the plea alleges that the sheriff is a party in

interest, and as the demurrer admits whatever is well pleaded, it must be taken that he is such party.  It must be borne in mind, however, that the plea speaks of the time when it is pleaded, and not when the action was commenced; and, therefore, it does not appear that the sheriff was a party in interest when the suit was commenced.   *Parker* v. *McKean*, 34 N. H. 375.   It is true that the record discloses the fact that the suit is brought for the alleged default of the said Parker; but although that shows an interest in him in the suit, yet it does not, as we think, show him to be a party to it, inasmuch as it is quite clear that he may decline to take upon him the defense, and leave the defendant to his remedy on the bond or other contract of indemnity.

As it does not appear upon the record that the sheriff was a party to the suit when it was commenced, and the writ directed for service, the demurrer is sustained, and the defendant must answer over.