WILLAM W. DRAPER

*v.*

MARY E. DRAPER.

SERVICE OF A SUMMONS after the return day thereof, is insufficient to give the court jurisdiction of the person of the defendant—is a nullity.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. MILLER & WATTS, for the plaintiff in error.

Mr. GEORGE F. O'MELVENY, and Messrs. CASEY & DWIGHT, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Numerous errors are assigned on the record, but we will only consider whether the circuit court had jurisdiction of the person of the plaintiff in error.    If the court had not jurisdiction, the decree would be a nullity.

On the 22d day of August, 1870, Mary E. Draper filed her bill in the circuit court of Washington county, for a divorce. Upon filing the bill, a summons was regularly issued, directed to the sheriff of Washington county, and made returnable on the first Monday of October next thereafter ; and subsequently,

on the 3d day of October, it was returned by the sheriff, endorsed, "not found."

On the 5th day of September, 1870, a second summons in said cause was issued, directed to the sheriff of Clinton county, and returnable on the first Monday of October next thereafter. This last summons was returned by the sheriff of Clinton county, duly served on the 13th day of October, 1870.

It is recited in the record, that on the 11th day of October, 1870, "It is ordered by the court, that this cause be removed from the docket without prejudice, costs herein having been paid by the plaintiff." It does not appear upon whose motion, whether upon the motion of any one, the above order was made, and the cause stricken from the docket.

On the 4th day of April, 1871, a notice was served on the plaintiff in error by the counsel for the defendant, by which he was notified that a motion would be made at the April term of said court, to reinstate the case on the docket. The plaintiff in error did not appear, and the cause was accordingly placed on the docket and proceeded to final decree.

It is not pretended, that there was any service on the first summons issued in the cause. The service on the second summons, issued to Clinton county, was insufficient to confer jurisdiction. It was not served until ten days after the return day. The writ had then no vitality; it had spent its force, and the service was a nullity. *Hitchcock* v. *Haight*, 2 Gilm. 603.

It is insisted, that the plaintiff entered a motion to dismiss or strike the cause from the docket, and thereby entered his appearance in said cause for all purposes. The record does not disclose, that the plaintiff in error ever made any such motion, or any other motion in the circuit court.

There being no service, and no appearance by the defendant in the circuit court, that court did not have jurisdiction to pronounce the decree that it did.

For the error indicated, the decree is reversed and the cause remanded.

*Decree reversed.*