JOHN D. DOUGLASS AND OSCAR DOUGLASS, APPEL-
LANTS, *v.* JOHN B. REILLY, RESPONDENT.

*Justice's Court — Brooklyn — § 16, chap. 102, Laws of 1850 — County Court — no power, on motion, to vacate judgment of Justice's Court.*

A summons having been issued in a civil action by a justice of the peace of the town of New Lots, Kings county, and personally served on the defendant in the city of Brooklyn, in said county, of which he was a resident, and on default judgment entered, a transcript thereof filed, and the judgment docketed against him in the clerk's office of said county, and execution issued thereon; and the County Court having on an order to show cause directed that the said transcript be set aside and the clerk of Kings county cancel the judgment of record:

*Held,* that section 16 of chapter 102, Laws of 1850, which declares: "No justice of the peace, other than the police justice and the justices elected in the city of Brooklyn, shall have, or exercise any civil or criminal jurisdiction in said city," was intended to give to the police justices and justices elected in Brooklyn exclusive jurisdiction to hold courts in that city, but not to take away the general jurisdiction of the justices of the peace of the county, to try transitory actions within their jurisdiction in their own towns. That the justice in this case exercised no jurisdiction in the city of Brooklyn. He simply issued a summons in the town of New Lots, out of the city, and upon proper return of personal service proceeded with the case in his own town, and entered judgment, the constable's return giving him jurisdiction of the person of the defendant.

*Held,* further, that the County Court had no power, on motion, to set aside the transcript and vacate the judgment; that the remedy of the defendant was by appeal.

APPEAL from an order of the County Court of Kings county, entered on a motion to vacate the docket of a judgment rendered by a justice of the peace of the town of New Lots, made upon a transcript thereof filed in the clerk's office of said county, and to set aside the execution issued thereon.

The summons was issued in a civil action by James H. Spencer, justice of the peace, in the town of New Lots, Kings county, and was served by a constable on the defendant, in the city of Brooklyn, in said county, where defendant resided. Judgment was entered by default, a transcript thereof filed and the judgment docketed against the defendant in the Kings county clerk's office, and execution issued thereon.

*D. W. Guernsey,* for the appellants.

*James Troy,* for the respondent.

DYKMAN, J.:

On the 27th day of July, 1875, the plaintiffs were residents of the town of New Lots, in Kings county, and on that day they applied to James H. Spencer, a justice of the peace of that town, for a summons in a civil action against the defendant, who was a resident of the city of Brooklyn.

The summons was issued in the usual form and manner, and was made returnable before the said justice, at the town of New Lots, and was personally served on the defendant in the city of Brooklyn, by a constable of the same town of New Lots; on the 3d day of August, 1875, the return day of the summons, it was returned by the said constable personally served on the defendant.

The defendant did not appear, and on proof of the claim the justice rendered judgment against the defendant for twenty-nine dollars and five cents.

The justice issued a transcript of the said judgment, which was filed in the office of the county clerk of Kings county on the 27th day of August, 1875, and judgment was docketed thereon, and an execution issued to the sheriff of Kings county.

Upon an affidavit setting forth substantially these facts, a motion was made before the county judge of Kings county to set aside the said transcript, judgment and execution. This motion was granted and the case now comes before us on appeal from that order.

This order is now claimed to be proper and legal, on the ground that the justice of the peace who issued the summons acquired no jurisdiction over the person of the defendant. This claim is founded upon the provision in the Laws of 1850 (chap. 102, § 16), that "no justice of the peace other than the police justices elected in the city of Brooklyn shall have or exercise any civil or criminal jurisdiction in said city."

We think this provision of the statute has no applicability to the present case.

The justice of the peace in this case has exercised no jurisdiction in the city of Brooklyn. He simply issued a summons in a civil action in the town of New Lots, out of the city, and delivered it to a constable for service, and upon the proper return of personal service proceeded with the case in his own town, and entered judgment in the action.

The constable's return gave the justice jurisdiction of the person of the defendant, and there is no claim that his subsequent proceedings were irregular. Certainly, it cannot be pretended that the constable had no power to serve the summons on the defendant in the city of Brooklyn.

The provision of the statute was intended to give exclusive jurisdiction to the police justices and the justices elected in the city of Brooklyn to hold courts in the city of Brooklyn, and not to take away the general jurisdiction of the justices of the peace of the county to try transitory actions within their jurisdiction and hold their courts in their own towns. (*Blatchley* v. *Moser*, 15 Wend., 218.)

We also think that the county judge had no power to set aside the transcript and vacate the judgment on motion, and that the remedy of the defendant, if he had any, was by appeal. (*N. Y. and Erie R. R. Co.* v. *Purdy*, 18 Barb., 574.)

The order of the county court should be reversed with costs and disbursements.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order of county court reversed with costs and disbursements.