Feickert v. Freisem.

New York Marine Court.

Trial Term—June, 1881.

CHARLES J. FEICKERT against MARTIN FREI-SEM, et al.

A return by a city marshal as to the time and manner of service of a precept in summary proceedings is conclusive against attack in collateral proceedings. It gives the magistrate jurisdiction, and protects him and the party at whose instance the proceedings were instituted.

Action against landlord to recover $2,000 damages for an alleged wrongful eviction.

*Thomas Brennan*, for plaintiff.

*Geo. W. Wager*, for defendant.

McAdam, J.—The district court had jurisdiction of the summary proceeding referred to in the pleadings. It certainly had jurisdiction of the subject-matter (*Code Civ. Pro.* § 2234), and it acquired jurisdiction over the tenant by due proof of service of the precept in one of the modes permitted by law (*Id.* §§ 2240, 2243, 2249), and the final order was granted as of course upon the tenant's default. Under the warrant founded upon this order the plaintiff was removed from the premises therein described, and such removal constitutes the grievance of which the plaintiff complains. The action is not against the marshal who executed the process, and there is no pretense that the defendants gave any special directions to the officer so as to make them liable for any abuse of authority (Walsh v. Cochran, 63 *N. Y.* 181).

The theory of the prosecution is that the final order and warrant were void, not for defects appearing upon the face of the proceedings, but for defective service, to be established by evidence dehors the record. Such evidence was offered and excluded upon the ground that the record could not be impeached collaterally, and the main question to be determined upon the present motion is the propriety of that ruling. The authorities hold that the return of service is conclusive against collateral attack, that it gives the justice jurisdiction of the defendant's person, and that the judgment subsequently rendered in the cause will protect the magistrate, the party and the officer who may have final process upon it to execute (*Cow. Tr.* 5 ed. by Kingsley, § 867). The record therefore concludes the plaintiff as to the nature of his tenancy (Brown *v.* Mayor, &c., 66 *N. Y.* 85; Jarvis *v.* Driggs, 69 *N. Y.* 143; Powers *v.* Witty, 42 *How. Pr.* 352). The tenant should have attacked the final order and warrant, either by appeal for error in fact or by some other direct proceeding brought for the purpose (N. Y. & Erie R. R. Co. *v.* Purdy, 18 *Barb.* 574); for the law seems to be settled that the return cannot be contradicted and shown to be false collaterally in another action, for the purpose of defeating the judgment and rendering parties enforcing it trespassers (N. Y. & Erie R. R. Co. *v.* Purdy, *supra;* Wheeler *v.* N. Y. & Harlem R. R. Co., 24 *Barb.* 414; Waring *v.* McKinley, 62 *Id.* 621; *Cow. Tr.* § 867, *supra*).

While I agree with the learned counsel for the plaintiff that the record of the district court may be open to attack, I cannot approve of the form he has chosen to make it. It follows that the ruling at the trial excluding evidence to impeach the record was proper, and that the motion for a new trial must be denied.

This decision was affirmed upon appeal.