JOSEPH LAROCQUE, Respondent, v. WILLIS C. HARVEY, Appellant.

*Appeal from a judgment of a justice of the peace — want of jurisdiction of the defendant, by the justice, may be shown on appeal by affidavit.*

At the time of the service of a notice of appeal from a judgment of a justice of the peace, the defendant in the action, who did not appear before the justice upon the return day of the summons, served, in connection with his notice of appeal, an affidavit alleging that the justice resided in one town, and that the plaintiff and the defendant were residents of another town which did not adjoin the town in which the justice resided; the facts alleged in this affidavit were not denied.

*Held,* that, upon such an appeal, errors in fact not affecting the merits, and not within the knowledge of the justice, might be determined upon affidavits, and that the affidavit used in this case was competent to show that the justice had no jurisdiction of the person of the defendant.

That the fact that the defendant did not appear in response to a summons which the justice had no jurisdiction to issue was not a waiver of his right to subsequently object to the entry of the unauthorized judgment.

APPEAL by the defendant from a judgment of the County Court of the county of Franklin, entered in the office of the clerk of said county on the 1st day of November, 1889, confirming the judgment of a Justice's Court in said action for damages and costs.

The action was originally brought in a Justice's Court, and it was claimed by the defendant that the justice had no jurisdiction of his person.

The justice of the peace resided and had his office in the town of Malone, and the summons was returnable there. Both the plaintiff and the defendants were at the time residents of the town of Waverly, in Franklin county. The town of Waverly does not adjoin the town of Malone. These facts appeared in the affidavit of the defendant, served in connection with his notice of appeal, and were not disputed.

*J. W. Webb,* for the appellant.

*Kellas & Munsill,* for the respondent.

LANDON, J.:

The justice of the peace had no jurisdiction of the person of the defendant. (*Houghtaling* v. *Groesbeck* (51 N. Y., 673). Section

2869 of the Code of Civil Procedure provides : " An action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county." There are certain exceptions not material here. A justice of the peace has the civil jurisdiction given him by statute, and no other. (Sec. 2861). Upon appeal, errors in fact not affecting the merits, and not within the knowledge of the justice, may be determined upon affidavits (Sec. 3057). The affidavit of defendant showing the residence of the parties was, therefore, competent and properly received. (*Griffin* v. *Norton*, 5 N. Y. State Rep., 812 ; *Vallen* v. *McGuire*, 18 id., 410.)

The plaintiff cites section 3064. That section is applicable to a defendant in default who seeks to open it. In such case he appeals to the discretion and favor of the court. Here the defendant asks no favor ; he denies the jurisdiction of the justice. If the facts deprived the justice of jurisdiction, it was the defendant's right to show them. In *Hoffman* v. *Barton* (14 N. Y. State Rep., 506), cited by plaintiff, it does not appear that such facts were shown.

The fact that the defendant did not appear in response to a summons which the justice had no jurisdiction to issue was no waiver of his right to his subsequent objection to an unauthorized judgment.

The judgment should be reversed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment of County Court and of justice of the peace reversed, with costs.