Taylor, J.
The plaintiff and respondent on the lath day of August, 1894, applied to L. W. Bailey, a justice of the peace of the town of Veteran in this county, for a summons against the defendant. The justice issued said summons, and made it returnable on the 23d day of August, at ten o’clock in the forenoon. On the back of the summons he put the following indorsement: “El cazar Warring is hereby authorized to serve this precept. L. W. Bailey, Justice.” On the 1st day of August the plaintiff served the summons and made the usual return. The plaintiff was not a constable. The defendant did not appear, and on the return day the justice rendered judgment for the plaintiff for $39.45 damages and $1 costs. The defendant has appealed from said judgment, and insists that the same is void upon the ground that the justice acquired no jurisdiction to render the same, for the reason that the plaintiff was prohibited from serving the summons under section 3156 of the Code of Civil Procedure. The section relied upon by the defendant’s counsel authorizes the justice, at the request of the party, to empower, by written authority indorsed upon the mandate, any proper person of full age, not a party to the action, to serve or otherwise execute it. The fact that the plaintiff served this summons is not disputed, but the counsel for the respondent insists that he had the right to do so, having been authorized by the justice, and has referred us to the cases of Putnam v. Man, 3 Wend. 202, and Tuttle v. Hunt, 2 Cow. 436. We do not think either of the cases cited is authority. They were decided before the adoption of the present Code, prohibiting a party in a justice’s court from serving a summons in his own behalf, and we are of the opinion that the statute was enacted tor the purpose of abrogating the rule established by these cases. The principle decided in the case of Putnam v. Man was that the service of the summons could not be attacked collaterally, and the case, so far as it established that principle, has been followed, although criticized by Parker, J., in Fitch v. Devlin, 15 Barb. 47 ; but we have not been cited to a case since the adoption of the present Code, nor have we been able to find one, where the courts have held that the party to an action in a justice’s court could serve his own summons, and we do not think we would be justified in declaring that the language of the section above referred to was not intended to prohibit what it expressly declares shall not be done. We are therefore of the that the had no *418 authority to deputize the plaintiff to serve this summons, and acquired no jurisdiction to render this judgment. The learned counsel for the respondent insisted upon the argument of this case that it was the duty of the defendant to appear before the justice, and there present his objections to his jurisdiction, and, he having failed to do so,' he was estopped from raising the question in this court, and to support this contention he cites cases where it has been held that if the defendant had appeared and objected the objection would have been good. We, of course, are not called upon to pass upon that question in this case. We have no inclination to dispute the proposition. The counsel for the respondent also-insists that this case is controlled by the case of Lindsay v. Tansley 44 St. Rep. 653. We do not think that this case is analogous or controlling. In that case the summons was properly served, and the mistake was apparent upon its face, and as the court say: ‘‘The defect was a mere verbal defect, and might have been obviated at the trial or shown to have been a mistake in fact.” And the court holds th.at the mistake as to the return day was an irregularity, and it was the duty of the defendant to appear before the justice, and there present his objection, and, having failed to do so, he could not raise it on appeal; but it will not be contended that if the defendant had appeared in this case there could have been any correction or proceeding taken which would have made the service of this process valid or legal, or which could have given the justice jurisdiction of the person of the defendant, unless he waived his legal rights. Nothing could have been done but a dismissal of the case, and it was the duty of the justice, under the plain and expressed provision of this-statute, to have done so. He had, in direct violation of the law, authorized an improper person to serve this process, and the only thing left for him to do to correct his error was to dismiss the case, and issue a new process, and have it served as the the law directs. It seems to us that if we should hold that the service of this process was valid we would not only oveiride the express provisions of the statute, but would be establishing a precedent which might open the door for these inferior courts to disregard all of the rules adopted by the legislature for their guidance and the protection of their suitors. If the clear mandate of the law, that the party to the action cannot serve his own summons, can be disregarded, then the provisions as to service by an infant, and personal service, and the sworn return of a constable to the servie, or that the justice did not wait one hour before proceeding with the trial, may all be urged as mere irregularities, of which the defendant cannot take advantage on appeal, unless he appears and raises the question before the justice. There is abundant authority that the service and the return of the constable and that the justice-must wait one hour, or that the defendant was not a resident of the county or of the town or of an adjoining’town, must be made and shown to have been done pursuant to the provisions of the statute, and, if they are not, the justice acquires no jurisdiction. Fitch v. Devlin, 15 Barb. 47 ; Wheeler v. Lampman, 14 Johns. 481; Manning v. Johnson, 7 Barb. 457 ; Sherwood v. Railroad Co., 15 *419 id. 650; Sperry v. Reynolds, 65 N. Y. 179 ; Jackson v. Sherwood, 50 Barb. 356; Brown v. Cady, 19 Wend. 477. In the case of Larocque v. Harvey, 57 Hun, 366 ; 32 St. Rep. 415, the court says that “ the fact that the defendant did not appear in response to a summons, which the justice had no jurisdiction to issue, was no waiver of his right to his subsequent objection to the entry of an unauthorized judgment.” When we consider the fact that justices’ courts derive all of their powers from the statutes creating them, we cannot bring ourselves to the conclusion that so flagrant a violation of the law regulating their procedure as this case presents should be permitted, tinder the circumstances of this case, we have arrived at this determination with considerable regret, but we must apply the law according to our best judgment and understanding, irrespective of its hardships to individuals. The judgment must be reversed. Judgment reversed.