(17 Misc. Rep. 665.)

## DECKER v. EKELMAN.

(Chemung County Court. July, 1896.)

SUMMONS—SERVICE BY PARTY.

    Service of summons by a constable who is also plaintiff in the action is invalid.

Application by Rudolph Ekelman for a writ of habeas corpus to procure his discharge from imprisonment under a body execution. Granted.

J. John Hassett, for petitioner.

Lowman & Byrne, opposed.

TAYLOR, J. The above-entitled action was commenced in the city court of the city of Elmira, by the service of a summons upon the defendant by the plaintiff in person, who, at the time of such service, was a constable of the city of Elmira. The plaintiff, as constable, made a proper return upon the said summons, and on the return day thereof, the defendant failing to appear, the plaintiff made proof of his cause of action, and judgment was rendered by said city court against said defendant on default in tort. The defendant did not appeal from said judgment, and, after the expiration of 20 days an execution against the person of the defendant was issued out of said city court, and he was arrested thereunder, and is now confined in the Chemung county jail. On the 8th day of August, 1896, he presented his petition for a writ of habeas corpus, and a writ was issued returnable on the 10th day of August, 1896, at 2 o'clock p. m. At that time the plaintiff appeared by Lowman & Byrne, his attorneys, and the defendant was represented by J. John Hassett. Counsel for the plaintiff raised the preliminary objection that the petition did not state facts sufficient to authorize an issuance of a writ, but finally withdrew said objection, and all objections to said petition, and consented to argue the question upon the merits. The facts were conceded, upon the argument, so far as they related to the service of the summons; but it was contended by the plaintiff's counsel that the plaintiff, being a constable, had the right to serve said summons, and that the city court obtained and had jurisdiction of the person of the defendant, and that its judgment was final and conclusive, and therefore the defendant was not entitled to the writ nor to his discharge, because it appeared upon the face of the papers that he was detained under the lawful judgment of a competent tribunal.

The primary question is whether the service of the summons by the plaintiff in person gave the city court jurisdiction to render the judgment, and upon that question we must adhere to the decision heretofore made by us in the case of Warring v. Keeler, 11 Misc. Rep. 451, 33 N. Y. Supp. 415. The facts of that case are identical with this, except that the plaintiff in that action was not a constable, but had been deputized by the justice to serve the summons. We gave the question under consideration in that case a very thorough investigation, and examined all of the cases which were

presented to our attention by the learned counsel that argued it, and all of the authority that we ourselves could find that bore upon the question; and we came to the conclusion that the legislature intended by the language incorporated in section 3156 of the Code of Civil Procedure to prohibit parties from serving their own process as provided in that section. I do not think that the fact that the plaintiff was a constable gives him any greater rights or authority to serve a process issued in his own name, because the language of the statute is imperative, and is intended to prohibit parties from serving their own processes. Therefore I think I must hold in this case, as I held in Warring v. Keeler, that the city court, by reason of this defective and unauthorized service, obtained no jurisdiction of the person of the defendant, and therefore could not lawfully render any judgment against him, and had no legal right to issue the execution under which he is imprisoned, and is now detained. Having arrived at this conclusion, I think that it follows that the contention of the plaintiff that the defendant is held by virtue of the judgment of a competent tribunal is erroneous, for the reason that there is no lawful judgment in this case; and under the doctrine laid down in the case of People v. Liscomb, 60 N. Y. 559, under this writ I have the right to ascertain whether the court that issued the judgment under which the defendant is confined had or did not have jurisdiction; and, having found that in the negative, and following the decision of People v. Liscomb, supra, the defendant must be discharged. An order may therefore be entered directing the sheriff of Chemung county to discharge the defendant.

Ordered accordingly.