FRANK A. NICHOLS, Respondent, *v.* PETER W. FANNING, Appellant.

(County Court, Suffolk County, March, 1897.)

**Justice's Court — Jurisdiction — Service.**

> Service of process in a civil action before a justice of the peace must
> be made at least six days before the return day, and if the service is less
> than six days the court fails to obtain jurisdiction.

APPEAL from a judgment of a Justice's Court in favor of the plaintiff, taken upon a default.

Ernest W. Tooker, for appellant.

Arington H. Carman, for respondent.

REEVE, J.    This is an appeal from a judgment in Justice's Court taken by a default.    It appears from the record and from a copy of the summons served upon the defendant that the summons was issued December 21, 1896, and that the copy served upon the defendant made it returnable on the 2d day of January, 1896. It also appears that the defendant, even if the copy had been in accordance with the original, which made the return on January 2, 1897, was not served until December 29, 1896, and, therefore, was only served four days before the return day.    I am of the opinion that this court, under section 3064 of the Code of Civil Procedure, could excuse the default of the defendant and direct a new trial under the circumstances.    I am also of the opinion that as a copy of the summons served upon the defendant made it returnable nearly a year before it was issued, that this would be good ground for a reversal of the judgment, but I prefer to make the ground of reversal a different reason.    It is conceded that a Justice's Court is a court of limited jurisdiction, and that in order for the justice to acquire jurisdiction, all the substantial requirements of the statute must be followed.    The return should state the time and manner of service of the summons, and the statute in this respect should be strictly complied with.    Wheeler v. Lampman, 14 Johns. 481; Legg v. Stillman, 2 Cow. 418; Stewart v. Smith, 17 Wend. 517. The justice, in the first instance, is to decide whether the return shows service to give jurisdiction or not, and if it shows sufficient

personal service the justice has jurisdiction, and if the service was not in fact sufficient the judgment may be reversed on appeal. N. Y. E. R. R. Co. v. Purdy, 18 Barb. 574; Fitch v. Devlin, 15 id. 47; Hubbard v. Chapin, 28 How. 407. Service made after the return day is utterly void. 59 Ill. 119; 11 N. J. L. 245. Where service of a summons is personal, it must be made at least six days before the time of appearance specified therein. Code Civ. Pro., § 2878. To obtain jurisdiction service must be made as prescribed by the Code. The certificate must show service in the manner required. McMullin v. Mackey, 25 N. Y. St. Repr. 265. Service is void for failure to give proper length of notice. Unless the person is served the required time before the return day, it is utterly void and may be cured only by the voluntary appearance of the defendant. 59 Ill. 119; 3 Cow. 199; 16 S. W. Repr. 538; 86 Ga. 314; 22 Am. & Eng. Ency. of Law, 113. The return must show that service was executed in time. 22 Am. & Eng. Ency. of Law, 114.

The case of Lindsay v. Tansley, 44 N. Y. St. Repr. 653, I do not think is strictly in point. In that case the defendant had the full six days' notice. In the case at bar the defendant only had four days' notice, and in addition thereto it is shown that the defendant's attorney wrote to the justice before the judgment was taken, stating his objections to the service of the summons and the grounds why he should not appear. In the case of Lindsay v. Tansley, although that is a General Term decision in the Fifth Department, I am of the opinion that that case, as stated above, is not only not in point on this appeal, but that this court should not be bound by it, as that case was not decided in this department, and I am of the opinion that the objection that the summons in that case was issued more than twelve days before the return day thereof was good, and that the Justice's Court in that case did not have any jurisdiction.

Judgment reversed, with costs.