# COUNTY COURT.

## HUBBARD agt. CHAPIN.

The return of a constable of *personal service* on a summons is *conclusive* of that fact, and cannot be impeached collaterally. (*Following the case of N. Y. & Erie RR. Co. agt. Purdy*, 18 *Barb.* 574.)

*Schoharie County Court.*

*Argued October Term*, 1864.   *Decided February Term*, 1865.

THE plaintiff sued the defendant before a justice of the peace of Schoharie county. The summons was returned by the constable personally served, and on the return day the plaintiff appeared and put in her complaint. The defendant then before answering the complaint, moved that the suit be dismissed and defendant be discharged, on the ground that the summons had not been served upon the defendant. The defendant also at the same time offered to prove that the summons had not been served upon the defendant, and to disprove the constable's return of personal service. The justice overruled the motion and offer, whereupon the defendant put in his answer therein, setting up among other defences, that the summons had never been served on the defendant, and again upon the trial the defendant renewed his motion and offer made on the return day for a dismissal, on the ground that the summons had not been served on the defendant. The justice again overruled the motion and offer, and after hearing the evidence and receiving the verdict of the jury, rendered judgment against the defendant for $10 damages, and costs, $3.52. The defendant appeals to this court.

PETER S. DANFORTH, *for plaintiff*,

cited *Putman* agt. *Man* (3 *Wend.* 202); *Allen* agt. *Martin* (10 *Wend.* 300), claiming that the constable's return of per-

sonal service was conclusive, and defendant could not impeach it.

NORMAN W. FALK, *for defendant,*

cited *Van Rensselaer* agt. *Chadwick* (7 *How. Pr. Rep.* 297); *Fitch* agt. *Devlin* (15 *Barb. S. C. R.* 47), claiming that the latter case overruled *Putman* agt. *Man,* and *Allen* agt. *Martin.* *Fitch* agt. *Devlin* expressly holds that the return of the constable of personal service of a summons is not conclusive, and may be disproved and contradicted. The return is only *prima facie,* not conclusive (7 *How. supra*).

LAMONT, County Judge. The only question in this case is, had the defendant the right to impeach the constable's return, and show in opposition thereto that the summons issued by the justice had not been served. It seems to me that the case of the *New York & Erie RR. Co.* agt. *Purdy and Adams* (18 *Barb. S. C. R.* 574), is decisive upon this point. Justice JOHNSON who wrote the opinion in 18 *Barb.,* 574, in reviewing *Fitch* agt. *Devlin* (15 *Barb.* 47), thinks the opinion in that case not well considered. The case in 18 *Barb. S. C. R.,* 574, above referred to, covers the whole ground, and is in harmony with the older cases. I have arrived at this conclusion after considerable doubt and hesitation.

The judgment should be affirmed.