(5 Misc. Rep. 118.)

### BOYNTON v. KEESEVILLE ELECTRIC LIGHT & POWER CO.

(Essex County Court. September, 1893.)

1. SERVICE OF PROCESS—OFFICER'S RETURN—RIGHT TO CONTRADICT.

    The return of an officer as to service of summons is not conclusive of the facts therein stated, and defendant may appear specially on the return day, and contradict the same. Hubbard v. Chapin, 28 How. Pr. 407. disapproved.

2. SAME—SERVICE ON MANAGING AGENT OF CORPORATION.

    On a motion to set aside service of summons against a corporation made in April, 1892, on one M., as defendant's "managing agent," defendant filed an affidavit that at the time of service M. was not in its employ, and had not been since January 1, 1892, preceding such service. M. testified to the same effect. Plaintiff filed an affidavit stating that defendant's officers had stated to him several times since August, 1891, that M. was defendant's agent. Plaintiff also showed, on cross-examination of M., that he had several times since January 1, 1892, signed statements as defendant's agent. *Held,* that the service should have been set aside, since plaintiff's affidavit did not contradict the evidence that M. was not defendant's agent when the summons was served, and the statements made by M. were not admissible to prove that he was defendant's agent.

3. APPEARANCE—WAIVER OF OBJECTIONS TO JURISDICTION.

    Where defendant's objection to jurisdiction, made on a special appearance for that purpose, is overruled, and defendant then answers, and takes part in the trial, he does not thereby waive such objection.

Appeal from justice court.

Action by A. W. Boynton against the Keeseville Electric Light & Power Company. Summons was returned April 30, 1892, as served by delivering a copy to, and leaving it with, "George F. Morse, the managing agent of said company." Defendant appeared specially by N. T. Hewitt for the purpose of objecting to the jurisdiction of the court on the ground that the summons had not been legally served. The objection was overruled, whereupon an answer was filed and a trial was had. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

The affidavit of Mr. Gardiner, the treasurer of the company, was filed in support of the objection. This affidavit stated that George F. Morse was not in defendant's employ, or in any way connected with defendant, at the time the summons was served on him. Morse testified that he had not been in defendant's employ since January 1, 1892, when he entered the employ of a third person. It appeared by Morse's cross-examination that since January 1, 1892, he had signed statements as the agent of defendant. Plaintiff's affidavit stated that since August, 1891, he was repeatedly informed by Gardiner and Morse that Morse was the managing agent of defendant.

Jesse Stiles, for appellant.

A. W. Boynton, in pro. per.

McLAUGHLIN, J.   A justice of the peace obtains jurisdiction by the personal service of a copy of the summons on the defendant.   The return of the constable showing such service is prima facie sufficient to give the court jurisdiction.   But, while such return is prima facie sufficient, it is not conclusive of the facts stated therein; and on the return day, and before any other steps are taken in the action, the defendant can challenge the right of the plaintiff to proceed, upon the ground that the return is false, and that the summons in fact has not been served.   If the summons has not been served, or the service is in any way defective, such fact may be shown by affidavit.   If the facts stated in the affidavit filed, showing that no service has been made, or that the service is defective, be not denied, then it is the duty of the justice to dismiss the action, and it is error for him to refuse to do so.   Fitch v. Devlin, 15 Barb. 47; Wheeler v. Railroad Co., 24 Barb. 414; Waring v. McKinlay, 62 Barb. 612; 3 Wait's Law & Pr. (5th Ed.) 137; Van Rensselaer v. Chadwick, 7 How. Pr. 297; Great West Min. Co. v. Woodmas of Alston Min. Co., (Colo. Sup.) 20 Pac. Rep. 771.   But if it could be held that an officer's return was conclusive, so that it might not be impeached by motion to set aside at the earliest opportunity, yet it could not be held conclusive that the person served was the defendant's agent, since this does not relate to a matter presumptively within the officer's personal knowledge.   Great West Min. Co. v. Woodmas of Alston Min. Co., (Colo. Sup.) 20 Pac. Rep. 771; Bond v. Wilson, 12 Amer. Rep. 466, and cases cited.   Upon the argument the respondent cited in support of his contention that the return of the constable was conclusive, and could not be contradicted, the cases of Railroad Co. v. Purdy, 18 Barb. 574, and Hubbard v. Chapin, 28 How. Pr. 407.   I do not think that the former case is in point. What is there said in reference to the return was not necessary for a decision of the case.   The point there involved was whether, in another action, the return of the constable could be attacked, and the court held "that the facts stated in the constable's return cannot be contradicted, and shown to be false, in another action, for the purpose of defeating the judgment."   The latter case was decided upon the strength of the former, and it does not seem to me to have been well considered.   At all events, I do not consider it to be good law, and I do not feel bound to follow it.   To hold that the court obtains jurisdiction of a defendant by the return of the constable, certifying that service has been made, when in fact it has not, and that the truth cannot be shown to the court before any other steps are taken in the action, is a proposition which at once strikes one as very unjust.   It seems to me that in furtherance of the ends of justice, and to prevent unnecessary litigation, when a defendant appears in season, and offers to prove that the process by which jurisdiction is sought to be obtained has not been legally served, or not served at all, he should be allowed to do so, and if such fact be established the action should be dismissed.   The justice in that case may be apprised at once that he has no jurisdiction over the defendant, and

that no legal judgment can be rendered.   Such practice seems to me to be established by the authorities.   Justice Mullin succinctly states the rule in Waring v. McKinlay, 62 Barb. 612:

"If process has been defectively served, or not served at all, the defendant cannot come into court, and by plea or answer set up such defect or want of service to defeat the action.   The issue to be joined and tried relates to the merits, and not to the practice in the suit.   But he may come in, and by affidavit show the error, and ask a dismissal of the proceedings; and if the justice disregards his objections he may, on appeal from the judgment, have a review of the question, and thus obtain the relief denied him in the court below."

In this case, at the very outset, the affidavit of the treasurer of the company was filed, showing that the person whom the constable had served was not in the employ of the defendant at the time, or in any way connected with it.   Indeed, it might well be questioned whether Morse, even if he was at the time in the employ of the defendant, and performed all the acts as claimed by the respondent, was a "managing agent," within the meaning of the statute, so that service upon him would bind the defendant. Taylor v. Association, 136 N. Y. 346, 32 N. E. Rep. 992.   Morse himself testified that at the time service was made upon him he was not in the employ of the defendant, or connected with it in any way.   The affidavit of the plaintiff filed, to the effect that Gardiner, the treasurer of the company, and Morse, had both stated to him several times since August, 1891, that Morse was the managing agent of the defendant, in no way contradicted the statements made in the affidavit of Gardiner, or the evidence of Morse himself, to the effect that at the time service was made he was not employed by the defendant, or connected with it in any way. It was, however, argued that the statements made by Morse, and the bills rendered by him in the name of the defendant, wherein he had subscribed his name as agent, were sufficient evidence to show that he was acting as agent for the defendant.   It would hardly seem necessary to cite any authorities to show that this is not the law.   The rule is well settled that a person cannot, by his own acts, make himself an agent.   Neither can he, by any declarations or statements made or writings signed by him, that he is an agent, establish his authority as such.   The inquiry always must be, what has the principal done to confer such authority,—to authorize his acts?   Agency cannot be established without, in some way, either directly or indirectly, connecting the principal.   Something must be done from which a legal conclusion can be drawn that the declarations or statements made by the agent, or the acts done by him, are said or done by virtue of authority conferred upon him by the principal.   Sperry v. Reynolds, 65 N. Y. 189.

It was further contended by the respondent upon the argument that inasmuch as the defendant appeared, and filed an answer, and took part in the trial, after its objections to the jurisdiction of the court had been overruled, that was a sufficient appearance on the part of the defendant, and gave the court jurisdiction; in other words, that by thus appearing the objections previously taken to the jurisdiction of the court were waived.   Such con-

tention is not supported by the authorities. Avery v. Slack, 17 Wend. 87; Mooney v. Railroad Co., 3 Daly, 108; Horton v. Fancher, 14 Hun, 175; Wheeler v. Lampman, 14 Johns. 481; Sullivan v. Frazee, 4 Rob. N. Y. 620. If it were true that such appearance waived the objections previously taken, it would not aid the respondent, for the reason that no one was authorized to appear generally for the defendant. On the contrary, it appears clearly from the return that the defendant had authorized Hewitt to appear for the purpose of objecting to the jurisdiction of the court, and for no other purpose; and, inasmuch as the plaintiff himself objected to Hewitt's authority to appear for the defendant, it became necessary, after such objections were interposed, for Hewitt to make proof of his authority, which he did not do, except for a special purpose. Section 2890 of the Code of Civil Procedure is imperative:

"The justice shall not suffer a person to appear as an attorney unless his authority is admitted by the adverse party, or proved by the affidavit or oral testimony of himself or another."

Here Hewitt's authority was not admitted. On the contrary, it was disputed, and no proof was given except to appear for a special purpose. See Sperry v. Reynolds, 65 N. Y. 189.

For the foregoing reasons, I think the justice erred in refusing to dismiss the action. The judgment should be reversed.