AMERICAN WIRE & STEEL BED CO. v. GOLDMAN.

(Supreme Court, Appellate Term. November 30, 1903.)

1. APPEAL—RECORD—CONTRADICTIONS.
    The record on appeal showing a contradiction as to when the court overruled defendant's traverse to the return of service of summons, it will be presumed it was on the return day, as shown prior to the making of a nunc pro tunc order.

2. SUMMONS—TRAVERSE TO RETURN—WAIVER OF ERROR.
    Error in overruling a traverse to the return of service of summons, affidavits filed on the return day, showing service merely of a copy of an alias summons, not being contradicted, is not waived by defendant's subsequent general appearance.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the American Wire & Steel Bed Company against Samuel Goldman. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Leoll Levi, for appellant.

Sanders & Felteustein, for respondent.

BLANCHARD, J.   Upon the return day of the summons the defendant appeared and specially traversed the return of the marshal as to the service of a summons by filing affidavits saying only the copy of an alias summons had been delivered to him, unaccompanied by any copy of the original summons.   The record shows that the traverse being overruled on the return day, September 23, 1902, defendant answered and then appeared generally.   The record further shows that the trial was adjourned to December 5, 1902, and again adjourned to December 15, 1902, upon which latter day the defendant appeared by counsel to participate in the trial, whereupon the court below rendered judgment for the plaintiff.   The defendant appeals, and raises the question of the jurisdiction of the court, claiming his traverse was improperly overruled.

Among the papers comprising the record of this appeal appears an order of the court below, dated December 15, 1902, but bearing no file mark showing when it was filed; but from affidavit of plaintiff's counsel which accompanied it, and which was sworn to September 17, 1903, we judge that the order was made nunc pro tunc as of December 15, 1902, and not actually made at that time.   This order in its recitals contradicts the record of this appeal, as we have heretofore recited it, by showing that upon the filing of the affidavits the matter of the issue raised by the traverse of the return was set for trial for November 13, 1902, but at which time the defendant failed to call any witnesses, whereupon the justice overruled the traverse on that day.   The record of this appeal is therefore in this unsatisfactory condition, apparently showing a contradictory state of facts as to occurrences.   We have accordingly assumed the record as it existed prior to the making of the nunc pro tunc order bearing date December 15, 1902, to be correct, and in deciding this appeal have assumed that the court overruled the traverse of the defendant on the return day, as the record originally showed.   It has been held that where affidavits are filed upon the return day of the summons showing defective service thereof, unless other affidavits are filed in answer showing a different state of facts, it is the duty of the justice to dismiss the action.

This record discloses nothing to contradict the fact that the defendant was not served with a copy of the original summons, but merely with an alias summons.   This was not a proper method to bring the defendant into court, and his traverse should accordingly have been sustained.   Boynton v. Keeseville Electric, etc., Co., 5 Misc. Rep. 118, 25 N. Y. Supp. 741, and case there cited.   The subsequent general appearance of the defendant did not waive his right to question the action of the court in overruling his traverse.

The judgment should be reversed, and the action dismissed, with costs.   All concur.